## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CAPITOL HILL GROUP,

                Plaintiff,

    v.

PILLSBURY WINTHROP SHAW PITTMAN, LLP,
SHAW PITTMAN, LLP,
PAUL A. TUMMONDS, JR., AND
PATRICK J. POTTER,

                Defendants.

Case: 1:07-cv-01936
Assigned To : Lamberth, Royce C.
Assign. Date : 10/26/2007
Description: General Civil

)
)
)
)
)
)
)
)

## NOTICE OF REMOVAL

Pursuant to, <u>inter alia</u>, 28 U.S.C. §§ 1334, 1441, 1446, and 1452, the above-captioned

defendants ("**Defendants**"), through their undersigned counsel, give notice to this Court, the Clerk

of the Superior Court of the District of Columbia, and Plaintiff Capitol Hill Group ("**CHG**") of the

removal of <u>Capitol Hill Group v. Pillsbury Winthrop Shaw Pittman, LLP, Shaw Pittman, LLP, Paul</u>

<u>A. Tummonds, Jr., and Patrick J. Potter</u>, Civil Action Number 07-006192, previously filed in the

Superior Court of the District of Columbia (the "**Superior Court Action**").

     1.     The Superior Court Action was commenced September 7, 2007, by Plaintiff's filing

a complaint (the "**Complaint**") in the Superior Court for the District of Columbia (the "**Superior**

**Court**").

     2.     On September 27, 2007, Defendants first received copies of the Complaint and

summons by hand delivery.

3.    The Complaint alleges various breaches by Defendants purportedly arising in connection with Defendants' bankruptcy-court approved representation of CHG during its chapter 11 bankruptcy court proceeding.

4.    The Superior Court Action is an action over which the United States District Court for the District of Columbia (the "**District Court**") has original jurisdiction pursuant to 28 U.S.C. §1334, as well as pursuant to the chapter 11 plan confirmed by the Unites States Bankruptcy Court for the District of Columbia (the "**Bankruptcy Court**") in the bankruptcy case of <u>In re Capitol Hill Group, Debtor</u>, Case No. 02-0359 (the "**Bankruptcy Proceeding**").

5.    The United States District Court for the District of Columbia embraces the district within which the Superior Court Action is now pending.

6.    Undersigned counsel certifies that attached hereto at **<u>Attachment A</u>** are (i) all pleadings filed and served on Defendants to date in the Superior Court Action and (ii) a current docket sheet.

7.    This Notice of Removal is filed within 30 days of notice of Defendants' receiving the Complaint and is signed pursuant to the Federal Rules of Civil Procedure.

8.    Defendants will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court as provided by law.

Dated: October 26, 2007                Respectfully submitted,

PILLSBURY WINTHROP SHAW PITTMAN, LLP

By: _____
Jack McKay (No. 159335)
2300 N Street, N.W.
Washington, D.C. 20037-1128
Tel: (202) 663-8000
Fax: (202) 663-8007

ATTACHMENT A

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| CAPITOL HILL GROUP,<br>a California corporation,<br>700 Constitution Avenue, NE<br>Washington, DC 20002 | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| PILLSBURY WINTHROP<br>SHAW PITTMAN, LLP,<br>a Delaware limited liability partnership<br>2300 N Street, N.W.<br>Washington, D.C. 20037 | )<br>)<br>)<br>)<br>) |
| Serve | ) |
| Stephen B. Huttler<br>Executive Vice Chair<br>2300 N Street, N.W.<br>Washington, D.C. 20037 | )<br>)<br>)<br>) |
| and | ) |
| SHAW PITTMAN, LLP<br>a District of Columbia<br>limited liability partnership<br>2300 N Street, N.W.<br>Washington, D.C. 20037 | )<br>)<br>)<br>)<br>) |
| Serve | ) |
| Stephen B. Huttler<br>Executive Vice Chair<br>2300 N Street, N.W.<br>Washington, D.C. 20037 | )<br>)<br>)<br>) |
| and | ) |
| PAUL A. TUMMONDS, JR.<br>2300 N Street, N.W. | )<br>) |

RECEIVED
Civil Clerk's Office
SEP 0 7 2007
Superior Court of the
District of Columbia
Washington, D.C.

Civil Action No. _____  0006192-07

Washington, D.C. 20037                    )
                                          )
        and                               )
                                          )
PATRICK J. POTTER                         )
2300 N Street, N.W.                       )
Washington, D.C. 20037                    )
                                          )
                                          )
        Defendants.                       )
_____   )

## COMPLAINT

**COMES NOW** the Plaintiff, Capitol Hill Group, by and through its undersigned counsel, and in support of its causes of action against the Defendants alleges as follows:

### THE PARTIES

1.      Plaintiff Capitol Hill Group ("CHG") is a California nonprofit mutual benefit corporation qualified to transact business in the District of Columbia. CHG's principal place of business is located at 700 Constitution Avenue, NE, Washington, D.C 20002.

2.      Defendant Pillsbury Winthrop Shaw Pittman, LLP. ("PWSP"), is a Delaware limited liability partnership, having its principal place of business at 2300 N Street, N.W., Washington, D.C. 20037. Upon information and belief, PWSP came into existence as the result of an April 2005 merger involving the law firms of Pillsbury Winthrop, LLP and Shaw Pittman, LLP.

3.      Defendant Shaw Pittman, LLP ("Shaw Pittman") is, or was at all times pertinent to this Complaint, a District of Columbia limited liability partnership, having its principal place of business at 2300 N Street, N.W., Washington, D.C. 20037.

4.      At all times pertinent to this action, Defendant Paul A. Tummonds, Jr. ("Tummonds") was licensed to practice law in the District of Columbia and was an attorney

acting as an agent, servant or employee of Shaw Pittman and PWSP, respectively. Upon information and belief, Tummonds is presently a partner at PWSP. At all times relevant to this action, Tummonds acted within the course and scope of his capacity as an agent, servant or employee at Shaw Pitman and PWSP, respectively.

5.      At all times relevant to this action, Defendant Patrick J. Potter ("Potter") was licensed to practice law in the District of Columbia and was an attorney acting as an agent, servant or employee of Shaw Pittman and PWSP, respectively. Upon information and belief, Potter is presently a partner at PWSP and was a partner at Shaw Pittman at all times relevant to this action. At all times relevant to this action, Potter acted within the course and scope of his capacity as an agent, servant or employee at Shaw Pittman and PWSP, respectively.

## NON-PARTY ENTITIES

6.      Peter C. Shin ("Shin") resides at 6750 Greentree Road, Bethesda, MD, and is the sole member of CHG.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to the provisions of Section 11-921 D.C. Code Annotated, (1981 edition, *as amended)*.

8.      Venue properly resides in this Court. Defendant PWSP is qualified to do business in the District of Columbia. Defendant Shaw Pittman is, or was, at all times relevant to this action, qualified to do business in the District of Columbia. Defendants Tummonds and Potter regularly transact business in the District of Columbia. Personal jurisdiction over the Defendants exists pursuant to the provisions of D.C. Code Annotated, (1981 edition, *as amended)*, Sections 13-334 and 13-423 (a).

COMMON FACTS

9.      On or about March 25, 1999, CHG made payment to Shaw Pittman in the amount of $20,000.00 as a retainer, as required by Shaw Pittman as a condition for representing CHG in various legal matters, and entered into a Retainer Agreement dated March 25, 1999 with Shaw Pittman (the "Retainer Agreement").

10.     At all times relevant to this action, Defendant Potter was the Shaw Pittman attorney who was primarily responsible for handling all CHG matters for which Shaw Pittman was providing CHG with legal representation.

11.     At all times relevant to this action, CHG has owned certain commercial real property in Square 895, Lot 76, located at 700 Constitution Avenue, N.E., Washington, D.C. 20002 (the "Property"). This Property is improved by three buildings. Buildings A and B are, for the most part, currently unoccupied (the "Nonleased Premises"). At all times relevant to this action, Building C was leased to two distinct entities, Capitol Hill Community Hospital (the "Hospital") and Capitol Hill Healthcare Corporation. These entities operate a 60 bed long-term acute care hospital and a 117 bed skilled nursing facility (the "Nursing Center"), respectively. (collectively referred to as the "Leased Premises"). In accordance with the leases regarding the Leased Premises, CHG, as the landlord, was required to provide its tenants with sufficient parking as required by D.C. law.   The Property was further improved with a three-story underground parking structure (the "Garage").

12.     On or about February 21, 2002, Shaw Pittman undertook to represent CHG before the United States Bankruptcy Court for the District of Columbia, Case No. 02-0359, in a case under Chapter 11 of the federal Bankruptcy Code.

13.    On or about March 26, 2003, Certificate of Occupancy, CO 51290, was issued for the Hospital, authorizing a "Hospital and 60 Parking Spaces." Another Certificate of Occupancy, CO 51289, was issued for the Nursing Center, authorizing a "Community Based Residential Facility-Health Care Facility That Provides Housing For The Handicapped. 25 Parking Spaces and 117 Beds."

14.    On or about May 23, 2003, Shaw Pittman undertook to represent CHG in a certain matter before the D.C. Board of Zoning Adjustment (the "BZA"), specifically appeal number 17043 filed by the Stanton Park Neighborhood Association (the "Appeal"). Tummonds, under Potter's supervision, was the attorney primarily responsible for handling the Appeal. This Appeal was filed in response to the D.C. Zoning Administrator's (the "ZA") March, 2003 issuance of Certificates of Occupancy, Nos. 51289 and 51290. There was no separate fee agreement or retainer agreement for this matter. Shaw Pittman billed for this representation ("Zoning Representation") as a distinct matter under the said bankruptcy case.

15.    On January 6, 2004, the Appeal was denied by the BZA by a vote of 3-2. On February 10, 2004, the BZA voted 5-0 to reconsider a portion of the denial. On February 24, 2004, the BZA voted 5-0 to partially grant the Appeal. In its partial granting of the Appeal, the BZA determined that the ZA had imposed incorrect parking requirements with regard to CO 51289 and ordered that CO 51289 "be reformed to reflect a parking requirement of one off-street parking space for each bed." Thus, CHG was required to provide its tenants with 177 combined parking spaces, 92 more parking spaces than the combined 85 parking spaces CHG was required to provide under CO 51290 and the original CO 51289.

16.    The BZA issued a final order on September 9, 2004 (the "Final Order"). A certificate of service was a part of that Final Order. The certificate of service reflected that the

5

Final Order was not sent on September 9, 2004 directly to CHG, the Hospital, or the Nursing Center, but was sent to:

> Paul A. Tummonds, Esq.
> For Capitol Hill Healthcare Group
> Shaw Pittman
> 2300 N Street, N.W.
> Washington, D.C. 20037

17. CHG first learned of the Final Order in the spring of 2005, long after the time for filing an appeal of the Final Order had expired. The Defendants did not notify CHG of the issuance of the Final Order. Nor did they serve a copy of the Final Order on CHG.

18. As a result of the adverse Final Order, CHG is effectively precluded from either utilizing itself or leasing to other entities the Nonleased Premises.

COUNT I

(LEGAL MALPRACTICE)

19. Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein, and Plaintiff further alleges as follows:

20. Defendants Shaw Pittman, Potter and Tummonds were retained by CHG to represent its legal interests in various matters including the Zoning Representation, as previously alleged herein, and owed a duty to their client, CHG, to represent those interests in a professional and competent manner by devoting to each legal task undertaken by them on behalf of CHG a degree of skill and care utilized by attorneys under similar circumstances. Said retention gave rise to an attorney client relationship between CHG and the Defendants.

21. Defendants breached the said duty of care by failing to properly, adequately, completely, competently and professionally represent CHG in the Appeal by, *inter alia:* (i) failing to timely notify CHG of the Final Order and/or of Shaw Pittman's receipt of the Final

Order despite being apprised by the BZA's certificate of service that Shaw Pittman was being served with the Final Order by the BZA as counsel for CHG, and that CHG was not being separately served with the Final Order (thereby violating, *inter alia*, a attorney's continuing duty to a client following the termination of representation to minimize prejudice to the client by taking reasonable steps to forward any material communications intended for the former client and informing the source of the communication that the lawyer no longer represents the client), thus proximately causing the expiration of CHG's rights to appeal the Final Order prior to CHG learning of the Final Order; and (ii) failing to raise at any time during the pendency of the Appeal the existence of certain D.C. zoning administrative practices and/or principles which, had they been asserted, would have prevented the BZA from imposing any parking restrictions whatsoever on the Property due to the historic designation that had been previously placed on one of the Property's buildings by the District of Columbia.

22.    Each of the aforementioned breaches by Defendants of the duty they owed to CHG proximately caused CHG to suffer an adverse result before the BZA by having to provide 177 parking spaces for the Hospital and the Nursing Center.

23.    CHG has been severely harmed by the imposition of a most disadvantageous and harsh parking ratio ("Adverse Parking Ratio") which imposes a 177 parking space requirement. CHG is informed, believes and therefore alleges that there exists no nursing home in the District of Columbia which operates under the same Adverse Parking Ratio. The imposition of the Adverse Parking Ratio has substantially reduced the fair market rental value of the Property and has proximately caused other economic damages to CHG.

24.     As a direct and proximate cause of Defendants' professional negligence, CHG has suffered and will continue to suffer compensatory damages in an amount in excess of Fifty Million Dollars ($50,000,000.00).

COUNT II

(BREACH OF FIDUCIARY DUTY)

25.     Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein and Plaintiff further alleges as follows:

26.     As counsel for CHG, Defendants owed CHG a duty of loyalty and a duty of care regarding its representation of CHG.  Defendants have committed material breaches of these duties on numerous occasions, as previously set forth herein, and each of Defendants' breaches proximately caused the economic harm suffered by CHG including, *inter alia*, the inability by CHG to make use of the Non Leased Premises, either for its own use or for the use of other tenants, thus resulting in substantial economic losses to CHG.

27.     As a direct and proximate cause of Defendants' aforesaid breaches of fiduciary duty, CHG has suffered and will continue to suffer compensatory damages in an amount in excess of Fifty Million Dollars ($50,000,000.00).

COUNT III

(BREACH OF CONTRACT)

28.     Paragraphs 1 through 27 are incorporated by reference as if more fully set forth herein and Plaintiff further alleges as follows:

29.     The Retainer Agreement, the Application of CHG to Employ Shaw Pittman, LLP as Counsel for CHG before the U.S. Bankruptcy Court ("Application") and the verified statement of Defendant Potter in support of said Application, together constitute a binding and

8

enforceable contract between CHG and Defendants Shaw Pittman, Potter and Tummonds ("Contract").

30.    As a result of their errors and omissions, said Defendants have committed material breaches of the Contract on numerous occasions as previously set forth herein, and each of Defendants' breaches proximately caused the damages suffered by CHG.

31.    As a direct and proximate result of Defendants' breaches of the Contract, CHG has suffered and will continue to suffer compensatory damages in an amount in excess of Fifty Million Dollars ($50,000,000.00).

<u>REQUESTS FOR RELIEF</u>

Plaintiff hereby demands judgment against Defendants, jointly and severally, as follows:

A.    Under Count I :

1.    For compensatory damages, in an amount not less than Fifty Million Dollars ($50,000,000.00);

2.    For pre-judgment and post judgment interest on any award of compensatory damages;

3.    For all the costs of this action; and

4.    For such other and further relief as the Court deems just and proper.

B.    Under Count II:

1.    For compensatory damages, in an amount not less than Fifty Million Dollars ($50,000,000.00);

2.    For pre-judgment and post judgment interest on any award of compensatory damages;

3.    For all the costs of this action; and

4.  For such other and further relief as the Court deems just and proper.

C.  Under Count III:

1.  For compensatory damages, in an amount not less than Fifty Million Dollars ($50,000,000.00);

2.  For pre-judgment and post judgment interest on any award of compensatory damages;

3.  For all the costs of this action; and

4.  For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff CHG demands a trial by jury on all claims asserted in this Complaint.

Respectfully submitted,

By: _____

Emil Hirsch
(D.C. Bar No. 930478)
Tamir Damari
(D.C. Bar No. 455744)
O'CONNOR & HANNAN, L.L.P.
1666 K Street, N.W., Suite 500
Washington, D.C.  20006-2803
Email:ehirsch@oconnorhannan.com,
tdamari@oconnorhannan.com
Phone:  (202) 887-1400
Attorneys for Plaintiff

Dated: September 7th, 2007

10

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001  Telephone: 879-1133

| CAPITOL HILL GROUP |
|---|

*Plaintiff*

**0006192-07**

VS.

| PILLSBURY WINTHROP SHAW PITTMAN, LLP |
|---|

*Defendant*

Civil Action No. [                    ]

**SUMMONS**

To the above named Defendant:

  You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

  You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Emil Hirsch |
|---|

Name of Plaintiff's Attorney

| 1666 K Street NW, Suite 500 |
|---|

Address

| Washington, D.C. 20006 |
|---|

| 202-887-1400 |
|---|

Telephone

By _____
   Deputy Clerk

Date September 7, 2007

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(f)-456/Mar. 93  NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-l 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001  Telephone: 879-1133

| CAPITOL HILL GROUP |
|---|

*Plaintiff*

Civil Action No.  0006192-07

**vs.**

| SHAW PITTMAN, LLP |
|---|

*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.**  If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Emil Hirsch |
|---|

Name of Plaintiff's Attorney

| 1666 K Street NW, Suite 500 |
|---|

Address

| Washington, D.C. 20006 |
|---|

| 202-887-1400 |
|---|

Telephone

**By** _____
Deputy Clerk

Date September 7, 2007

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93    NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

| | |
|---|---|
| CAPITOL HILL GROUP | |
| *Plaintiff* | 0006192-07 |
| **VS.** | Civil Action No. [_____] |
| PAUL A. TUMMONDS, JR. | |
| *Defendant* | |

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| Emil Hirsch | |
| Name of Plaintiff's Attorney | By _____ |
| 1666 K Street NW, Suite 500 | Deputy Clerk |
| Address | |
| Washington, D.C. 20006 | |
| 202-887-1400 | Date September 7, 2007 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91    NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, NW, Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

| CAPITOL HILL GROUP |
|---|

*Plaintiff*

**VS.**

| PATRICK J. POTTER |
|---|

*Defendant*

Civil Action No. 0006192-07

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Emil Hirsch |
|---|

Name of Plaintiff's Attorney

| 1666 K Street NW, Suite 500 |
|---|

Address

| Washington, D.C. 20006 |
|---|

| 202-887-1400 |
|---|

Telephone

By _____
Deputy Clerk

Date September 7, 2007

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91    NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

CAPITAL HILL GROUP
    Vs.                             C.A. No.     2007 CA 006192 M
PILLSBURY WINTHROP SHAW PITTMAN, LLP

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JUDITH BARTNOFF
Date:  September 7, 2007
Initial Conference: 9:30 am, Friday, December 21, 2007
Location:  Courtroom 415
             500 Indiana Avenue N.W.
             WASHINGTON, DC 20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."  D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC.  Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance).  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.  D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.  D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation.  D.C. Code § 16-2826.  Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office.    The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

CAPITOL HILL GROUP,                          )
                                             )
                          Plaintiff,         )
                                             )
              v.                             )        Civil No. 0006192-07
                                             )
PILLSBURY WINTHROP SHAW PITTMAN, LLP,        )
SHAW PITTMAN, LLP,                           )
PAUL A. TUMMONDS, JR., AND                   )
PATRICK J. POTTER,                           )
                          Defendants.        )
                                             )

### PRAECIPE

This Praecipe, submitted pursuant to SCR 55(a)(2), extends the deadline set forth in SCR 12(a)(1) for Defendants through October 29, 2007.

O'CONNOR & HANNAN, L.L.P.

By:
Emil Hirsch (No. 930478)
Tamir Damari (No. 455744)
1666 K Street, N.W., Suite 500
Washington, D.C. 20006-2803
Tel: (202) 887-1400
For Plaintiffs

PILLSBURY WINTHROP SHAW PITTMAN, LLP

By:
Jack McKay (No. 159335)
2300 N Street, N.W.
Washington, D.C. 20037-1128
Tel: (202) 663-8000
For Defendants

| 2007 CA 006192 M CAPITAL HILL GROUP Vs. PILLSBURY WINTHROP SHAW PITTMAN, LLP |

| File Date | 09/07/2007 | Case Status | Open | Case Status Date | 09/07/2007 |
| | | Case Disposition | Undisposed | Case Disposition Date | |

## Party Information

| Party Name | Party Alias(es) | Party Type | Attorney(s) | Attorney Phone |
|---|---|---|---|---|
| CAPITAL HILL GROUP | | PLAINTIFF | HIRSCH, Mr EMIL | (202)887-1400 |
| PILLSBURY WINTHROP SHAW PITTMAN, LLP | | Defendant | MCKAY, Mr JACK | (202)663-8007 |
| SHAW PITTMAN, LLP | | Defendant | MCKAY, Mr JACK | (202)663-8007 |
| TUMMONDS, JR., PAUL A | | Defendant | MCKAY, Mr JACK | (202)663-8007 |
| POTTER, PATRICK J | | Defendant | MCKAY, Mr JACK | (202)663-8007 |

## Case Schedule

| Date | Start Time | Event Type | Result |
|---|---|---|---|
| 01/18/2008 | 09:30 AM | Scheduling Conference Hearing | |

## Financial Entries

| Receipt # | Date | Received From | | Amount Paid |
|---|---|---|---|---|
| 83272 | 09/07/2007 | HIRSCH, Mr EMIL | | 120.00 |
| | Payment | | Fee | |
| | Check | 120.00 | Cost | 120.00 |

## Docket Entries

| Date | Text |
|---|---|
| 10/23/2007 | Notice of Hearing Mailed Next Business Day Notice Of Hearing Sent on: 10/23/2007 07:57:25 |
| 10/23/2007 | Event Scheduled Event: Scheduling Conference Hearing Date: 01/18/2008 Time: 9:30 am Judge: BARTNOFF, JUDITH Location: Courtroom 415 |
| 10/23/2007 | Event Resulted: The following event: Initial Scheduling Conference-60 scheduled for 12/21/2007 at 9:30 am has been resulted as follows: Result: Event Cancelled Judge: BARTNOFF, JUDITH Location: Courtroom 415 |
| 10/17/2007 | Praecipe to Extend the Deadline Set Forth in SCR 12(a)(1) Pursant to SCR 55t(a)(2). Filed. Submitted. 10/17/2007 11:49. ncv. Attorney: MCKAY, Mr JACK (159335) PILLSBURY WINTHROP SHAW PITTMAN, LLP (Defendant); SHAW PITTMAN, LLP (Defendant); PAUL A TUMMONDS JR. (Defendant); PATRICK J. POTTER (Defendant); |
| 09/28/2007 | Proof of Service Method : Service Issued Issued : 09/11/2007 Service : Summons Issued Served : 09/27/2007 Return : 09/28/2007 On : POTTER, PATRICK J. Signed By : Jack McKay Reason : Proof of Service Comment : Tracking #: 5000036506 |
| 09/28/2007 | Affidavit of Service of Summons & Complaint on PATRICK J. POTTER (Defendant); |
| 09/28/2007 | Proof of Service Method : Service Issued Issued : 09/11/2007 Service : Summons |

| | |
|---|---|
| | Issued Served : 09/27/2007 Return : 09/28/2007 On : PILLSBURY WINTHROP SHAW PITTMAN, LLP Signed By : Jack McKay Reason : Proof of Service Comment : Tracking #: 5000036503 |
| 09/28/2007 | Affidavit of Service of Summons & Complaint on PILLSBURY WINTHROP SHAW PITTMAN, LLP (Defendant); |
| 09/28/2007 | Proof of Service Method : Service Issued Issued : 09/11/2007 Service : Summons Issued Served : 09/27/2007 Return : 09/28/2007 On : TUMMONDS JR., PAUL A Signed By : Jack McKay Reason : Proof of Service Comment : Tracking #: 5000036505 |
| 09/28/2007 | Affidavit of Service of Summons & Complaint on PAUL A TUMMONDS JR. (Defendant); |
| 09/28/2007 | Proof of Service Method : Service Issued Issued : 09/11/2007 Service : Summons Issued Served : 09/27/2007 Return : 09/28/2007 On : SHAW PITTMAN, LLP Signed By : Jack McKay Reason : Proof of Service Comment : Tracking #: 5000036504 |
| 09/28/2007 | Affidavit of Service of Summons & Complaint on SHAW PITTMAN, LLP (Defendant); |
| 09/11/2007 | Issue Date: 09/11/2007 Service: Summons Issued Method: Service Issued Cost Per: $ PILLSBURY WINTHROP SHAW PITTMAN, LLP 2300 N STREET NW WASHINGTON, DC 20037 Tracking No: 5000036503 SHAW PITTMAN, LLP 2300 N STREET NW WASHINGTON, DC 20037 Tracking No: 5000036504 TUMMONDS JR., PAUL A 2300 N STREET NW WASHINGTON, DC 20037 Tracking No: 5000036505 POTTER, PATRICK J. 2300 N STREET NW WASHINGTON, DC 20037 Tracking No: 5000036506 |
| 09/07/2007 | Event Scheduled Event: Initial Scheduling Conference-60 Date: 12/21/2007 Time: 9:30 am Judge: BARTNOFF, JUDITH Location: Courtroom 415 Result: Event Cancelled |
| 09/07/2007 | Complaint for Malpractice Legal Filed Receipt: 83272 Date: 09/07/2007 |

# CIVIL COVER SHEET

**(For Notice of Removal)**

JS-44
(Rev.1/05 DC)

| | |
|---|---|
| **I (a) PLAINTIFFS**<br><br>Capitol Hill Group | **DEFENDANTS** Pillsbury Winthrop Shaw Pittman LLP<br>Shaw Pittman LLP<br>Paul A. Tummonds, Jr.<br>Patrick J. Potter |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _110 d/_
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
O'CONNOR & HANNAN, L.L.P.    Tel: (202) 887-1400
Emil Hirsch (No. 930478)
Tanur Damani (No. 455744)
1666 K Street, N.W., Suite 500
Washington, D.C. 20006-2803

Case: 1:07-cv-01936
Assigned To : Lamberth, Royce C.
Assign. Date : 10/26/2007
Description: General Civil

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE an x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)
Bankruptcy

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ON**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place<br>of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place<br>of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| ☐ **A.** *Antitrust* | ☐ **B.** *Personal Injury/ Malpractice* | ☐ **C.** *Administrative Agency Review* | ☐ **D.** *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

## ☒ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy ✶✶**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| □ **G.** *Habeas Corpus/ 2255*<br>□ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ **H.** *Employment Discrimination*<br>□ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ **I.** *FOIA/PRIVACY ACT*<br>□ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ **J.** *Student Loan*<br>□ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| □ **K.** *Labor/ERISA (non-employment)*<br>□ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ **L.** *Other Civil Rights (non-employment)*<br>□ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ **M.** *Contract*<br>□ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ **N.** *Three-Judge Court*<br>□ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

□ 1 Original Proceeding   ☒ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify)   □ Multi district Litigation   □ 7 Appeal to District Court from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**28 U.S.C. §§ 1334, 1441, 1446 and 1452**

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS<br>□   ACTION UNDER F.R.C.P. 23 | **DEMAND $** | Check YES only if demanded in complaint<br>**JURY DEMAND** ☒ YES   □ NO |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | ☒ YES   □ NO | If yes, please complete related case form. ~~See Exhibit 1~~ |
|---|---|---|---|

DATE   10/26/07   *[signature]* Jack

Jack McKay (159335)
Pillsbury Winthrop Shaw Pittman
2300 N Street, NW
Washington, DC 20037

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.