IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAPITOL HILL GROUP,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No. 07-1936 (RCL) |
| ) | |
| **PILLSBURY WINTHROP** ) | |
| **SHAW PITTMAN, LLP, et al.** ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO STAY PROCEEDINGS ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PENDING THE DISPOSITION OF PLAINTIFF'S MOTION FOR REMAND PURSUANT TO 28 U.S.C. § 1447(c) AND § 1452(b), OR IN THE ALTERNATIVE, ABSTENTION PURSUANT TO 28 U.S.C. § 1334(c)**

Plaintiff Capitol Hill Group ("CHG"), by and through its undersigned counsel, hereby files this Motion To Stay Proceedings on Defendants' Motion for Summary Judgment pending the disposition of Plaintiff's Motion for Remand Pursuant to 28 U.S.C. § 1447(c) and § 1452(b), Or In The Alternative Abstention Pursuant to § 1334(c). In support of the instant Motion, CHG submits the attached Memorandum of Points and Authorities, which is hereby incorporated by reference.

Dated: November 9, 2007

                                                    Respectfully submitted,

                              By: _____/s/ Emil Hirsch_____
                                Emil Hirsch (D.C. Bar No. 930478)
                                Tamir Damari (D.C. Bar No. 455744)
                                O'CONNOR & HANNAN, L.L.P.
                                1666 K Street, N.W., Suite 500
                                Washington, D.C. 20006-2803
                                Email: ehirsch@oconnorhannan.com
                                tdamari@oconnorhannan.com
                                Phone: (202) 887-1400
                                Attorneys for Plaintiff

**CERTIFICATE REGARDING CONSENT UNDER LOCAL RULE 7.1**

    I hereby certify that I attempted in good faith to obtain the consent of opposing counsel to the relief sought in this Motion, but was unable to do so.  Specifically, on November 7, 2007, I telephoned Jack McKay, Esq., counsel for Defendants, requesting that he consent to the instant Motion.  Mr. McKay indicated that he needed to confer on this request but would promptly respond with Defendants' position.  Later in the day on November 7, 2007, I received an e-mail from Mr. McKay indicating that Defendants were unable to consent to this Motion.

                                                                                                                                      _____/s/ Emil Hirsch_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAPITOL HILL GROUP,** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **PILLSBURY WINTHROP** ) <br> **SHAW PITTMAN, LLP, et al.** ) <br> ) <br> Defendants. ) <br> ) | Civil No. 07-1936 (RCL) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO DEFER RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PENDING THE DISPOSITION OF PLAINTIFF'S MOTION FOR REMAND PURSUANT TO 28 U.S.C. § 1447(c) AND § 1452(b), OR IN THE <u>ALTERNATIVE, ABSTENTION PURSUANT TO 28 U.S.C. § 1334(c)</u>**

**INTRODUCTION**

The following procedural background sets the stage for the instant Motion:

1. On September 7, 2007, CHG filed the instant case against Defendants in the District of Columbia Superior Court (the "Superior Court").

2. On September 27, 2007, Defendants were served in this case.

3. On October 26, 2007, Defendants removed this case from the Superior Court to this Court.

4. On October 29, 2007, Defendants filed a Motion for Summary Judgment (the "Summary Judgment Motion") in this case.

5. Pursuant to the Rules of this Court, Plaintiff's response to the Summary Judgment Motion is due on or before November 9, 2007.

6. Contemporaneously herewith, Plaintiff is filing a Motion for Remand Pursuant to 28 U.S.C. § 1447(c) and § 1452(b), or in the Alternative Abstention Pursuant to § 1334(c) (the

"Remand Motion"), in which Plaintiff maintains, <u>inter</u> <u>alia</u>, that this Court does not have subject matter jurisdiction over this case.

7. The Plaintiff has meritorious defenses to the pending Summary Judgment Motion. Indeed, it is able to demonstrate both the existence of genuine disputes of material fact and Defendants' lack of entitlement to judgment as a matter of law. Nonetheless, for the reasons stated below, the need to oppose the Summary Judgment Motion and any proceedings in connection with it should await the outcome of Plaintiff's challenge to the subject matter jurisdiction of this Court.

## **ARGUMENT**

### A. This Court Must Adjudicate The Underlying Jurisdictional Issue Raised In The Motion For Remand Before It Addresses The Merits Of The Case <u>Sub</u> <u>Judice</u>

Courts in this jurisdiction have routinely concluded that trial courts must resolve challenges to subject matter jurisdiction before adjudicating claims at issue on the merits. <u>Wright v. Foreign Serv. Griev. Bd.</u>, 503 F. Supp. 2d 163, 177 (D.D.C. 2007); <u>Sharp v. Rosa Mexicano, D.C. LLC</u>, 496 F.Supp. 2d 93, 97 (D.D.C. 2007); <u>Rosales v. U.S.</u>, 477 F. Supp. 2d 119, 127 (D.D.C. 2007); <u>Lemon v. Harvey</u>, 448 F. Supp. 2d 97, 103 n. 5 (D.D.C. 2006); <u>Labat-Anderson, Inc. v. U.S.</u>, 346 F. Supp. 2d 145, 149 (D.D.C. 2004); <u>Regan v. Grill Concepts – D.C., Inc.</u>, 2004 U.S. Dist. LEXIS 19507 (D.D.C. Sept. 30, 2004); <u>Artis v. Greenspan</u>, 223 F. Supp. 2d 149, 155 (D.D.C. 2002); <u>Scott v. England</u>, 264 F. Supp. 2d 5, 8 (D.D.C. 2002); <u>Avery Dennison Corp. v. Four Pillars</u>, 72 F. Supp. 2d 1, 2 (D.D.C. 1999); <u>University Medical Center v. Shalala</u>, 5 F. Supp. 2d 4, 7 (D.D.C. 1998), <u>aff'd</u>, 173 F. 3d 438 (D.C. Cir. 1999). Plaintiff submits that a cursory glance at the Motion to Remand reveals that the Motion (at a bare minimum) raises serious and compelling questions regarding this Court's federal subject matter jurisdiction over this case. Indeed, Plaintiff maintains that its Motion to Remand conclusively

2

establishes that federal subject matter jurisdiction does not exist in this case as a matter of law. On this basis alone, a stay is warranted and the instant Motion should be granted.

### B. The Need For A Stay Of Proceedings Is Further Militated By The Particular Nature Of Plaintiff's Challenge To Subject Matter Jurisdiction

The logic of the authorities set forth in Section A above applies with even greater force given the *particular* jurisdictional challenges at issue in the case sub judice. As discussed at length in the Remand Motion itself, among the principal doctrines supporting the Remand Motion are the so-called "well-pleaded complaint" rule and the Rivet Doctrine. These doctrines hold that, in order for a defendant to establish removal jurisdiction in a non-diversity case, the existence of federal question subject matter jurisdiction must be evident on the face of the plaintiff's complaint **alone**. Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998); Int'l Union of Brickworkers and Allied Craftworkers v. Ins. Co. of the West, 366 F.Supp. 2d 33, 36 (D.D.C. 2005); Strategic Lien Acquisitions, LLC v. Republic of Zaire, 344 F. Supp. 2d 145, 148 (D.D.C. 2004).

The Summary Judgment Motion and supporting papers are extrinsic to the Complaint. It relies on two defenses; res judicata and limitations. Both defenses deal with the merits of Plaintiff's local law causes of action. Moreover, to address on the merits these substantive defenses would require the Court to go far beyond the "four corners" of the Plaintiff's Complaint, to include a myriad of factual issues which are well-beyond the factual scope of the Complaint. Thus, it is respectfully submitted that permitting the Summary Judgment Motion to be briefed and adjudicated prior to or even simultaneously with the disposition of the Remand Motion would effectively grant Defendants a "back-door" mechanism around the "well-pleaded complaint" rule and the Rivet Doctrine and thereby subvert the purpose of these well-established principles. Accordingly, Plaintiff respectfully requests that it not be required to respond to

3

Defendants' Summary Judgment Motion until fifteen (15) days from the date this Court denies Plaintiff's Remand Motion, in the event of denial.

Dated: November 9, 2007

                                        Respectfully submitted,

                                  By:  _____/s/_ Emil Hirsch_____
                                    Emil Hirsch (D.C. Bar No. 930478)
                                    Tamir Damari (D.C. Bar No. 455744)
                                    O'CONNOR & HANNAN, L.L.P.
                                    1666 K Street, N.W., Suite 500
                                    Washington, D.C.  20006-2803
                                    Email: ehirsch@oconnorhannan.com
                                              tdamari@oconnorhannan.com
                                    Phone:  (202) 887-1400
                                    Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was served on the 9th day of November, 2007, via this Court's Notice of Electronic Filing, upon:

Jack McKay, Esq.
PILLSBURY WINTHROP SHAW PITTMAN, LLP
2300 N Street, N.W.
Washington, D.C.  20037

                                        _____/s/_ Emil Hirsch_____
                                        Emil Hirsch

151544.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAPITOL HILL GROUP,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No. 07-1936 (RCL) |
| ) | |
| **PILLSBURY WINTHROP** ) | |
| **SHAW PITTMAN, LLP, et al.** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

    **UPON CONSIDERATION**, of Plaintiff's Motion to Defer Ruling on Defendants' Motion for Summary Judgment Pending the Disposition of Plaintiff's Motion to Remand Pursuant to 28 U.S.C. 1447(c) and § 1452(b), or in the Alternative Abstention Pursuant to § 1334(c), Points and Authorities in support thereof and any Opposition Thereto, it is, this _____ day of _____, 200 ___; hereby

    **ORDERED**, that such Motion is **GRANTED**; and further

    **ORDERED**, that Plaintiff shall not be required to respond to Defendants' Motion for Summary Judgment until fifteen (15) days from the date this Court denies Plaintiff's Remand Motion, in the event said Remand Motion is ultimately denied by order of this Court.

                                                                                                                                                                   _____

                                                                                                                                                                   UNITED STATES DISTRICT JUDGE

151578.doc

1