UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
**CAPITOL HILL GROUP,**                       )
                                              )
                    **Plaintiff,**              )
                                              )   Civil No. 07-1936 (RCL)
     v.                                      )
                                              )
**PILLSBURY WINTHROP SHAW PITTMAN, LLP,**     )
**SHAW PITTMAN, LLP,**                        )
**PAUL A. TUMMONDS, JR., AND**                )
**PATRICK J. POTTER,**                        )
                    **Defendants.**             )
_____)

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to L. Civ. R. 7(b), the authorities set forth below and other applicable law, Defendants Pillsbury Winthrop Shaw Pittman, LLP ("PWSP"), Shaw Pittman, LLP ("Shaw Pittman"), Paul A. Tummonds, Jr. ("Tummonds"), and Patrick J. Potter ("Potter") (collectively, "Defendants"), through undersigned counsel, respectfully submit this Memorandum of Points and Authorities in Opposition to Plaintiff's Motion (the "Stay Motion") to Stay Proceedings on Defendants' Motion for Summary Judgment.

**Relief Requested**

Defendants urge the Court to find that CHG has failed to timely serve and file an opposition to Defendants' summary judgment motion ("SJ Motion"), and treat the SJ Motion as "conceded" pursuant to L. Civ. R. 7(b). In the alternative, Defendants request that the Court deny the Stay Motion.

1

**Procedural Posture**

CHG filed the Complaint on September 7, 2007.  Defendants filed their Notice of Removal and SJ Motion on October 26 and 29, 2007, respectively.  CHG filed its motion to remand (the "Remand Motion") and its Stay Motion on November 9, 2007.

Simultaneous with the filing of this Memorandum, Defendants filed their memorandum in opposition to CHG's Remand Motion, articulating the bases for the Court's subject matter jurisdiction.

**Argument**

The Court should enter an order deeming the SJ Motion conceded based upon CHG's failure to respond within the 11-day time limit established by Local Rule 7(b), or alternatively, deny CHG's Stay Motion.

    A.    **The SJ Motion Should be Deemed Conceded**

Local Rule 7 governs motion practice before the Court.  Subparagraph 7(b) provides that "[w]ithin 11 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion." Subparagraph 7(h), dealing specifically with motions for summary judgment, provides that the 11-day time limit also applies to an opposition to a motion for summary judgment.  Accordingly, CHG's memorandum in opposition to Defendants' SJ Motion was due on November 9, 2007.  CHG intentionally did not comply with L. CIV. R. 7(b).

CHG had ample time prior to November 9, 2007 to endeavor to obtain an order from the Court extending CHG's opposition deadline.  It did not do so.  Moreover, nowhere in the Stay Motion does CHG suggest that it required additional time to respond to the merits of the SJ Motion.

Furthermore, the Local Rules lack a provision that permits a party to unilaterally obtain an

extension of the filing deadline under Rule 7(b) by waiting until the afternoon of the deadline and filing a motion for stay of proceedings. To the contrary, Rule 7(b) specifically states that "If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." The case law supports the relief sought by Defendants. See Nat'l Satellite Sports, Inc. v. Deno Enters., No. Civ. 02-2093(RJL) 2006 WL 1825540 (D.D.C. 2006); Fox v. Am. Airlines, Inc., 389 F.3d 1291, 1294-95 (D.C.Cir. 2004) (affirming the District Court's dismissal for failure to respond within 11 days as prescribed by Rule 7(b)); F.D.I.C. v. Bender, 127 F.3d 58, 67-68 (D.C.Cir. 1997) (affirming district court's decision, based upon predecessor of Rule 7(b), to deem summary judgment motion conceded).

In light of CHG's lack of any articulated need for additional time to respond to the SJ Motion and its failure to comply with Rule 7(b), Defendants request that the Court enter an order deeming the SJ Motion conceded and enter judgment on it.

**B.      Alternatively, the Court Should Deny the Stay Motion**

The cases cited by CHG stand for the unremarkable legal proposition that the Court must have jurisdiction (which exists in this case) to grant the type of dispositive relief sought in Defendants' SJ Motion. They do not stand for the proposition that this Court should grant injunctive relief (i.e., a stay). In the absence of legal authority for granting the relief sought by CHG, the Court should deny the Stay Motion.

A prompt response to the SJ Motion will serve an additional purpose. CHG relies on Rivet v. Regions Bank of Louisiana, 522 U.S. 470 (1998) to argue that (i) Defendants base jurisdiction on the defense of *res judicata* and (ii) a federal question does not appear on the face of CHG's Complaint. While Defendants have demonstrated that CHG is incorrect on both points, and while an exception to Rivet is unnecessary for the Court to deny CHG's Remand Motion, an important exception to the Rivet doctrine is that "a plaintiff may not defeat removal by omitting to plead

3

necessary federal questions." <u>Rivet v. Regions Bank of Louisiana</u>, 522 U.S. 470 (1998).  In other words, federal jurisdiction still exists even when a plaintiff "artfully pleads" claims in order to avoid referencing facts that require application of federal law.  <u>Id.</u>  This is precisely how CHG has worded its Complaint.  For example, CHG intentionally failed to mention that its zoning issues (63% of the billings referenced in the Complaint) were actually heard before the Bankruptcy Court as part of CHG's bankruptcy case.  Also, CHG now pretends that resolution of the zoning issues was merely coincidental ("fortuitous") to its bankruptcy proceeding, rather than necessary to achieving its bankruptcy objectives and confirming its chapter 11 Plan, as CHG had previously represented to the Bankruptcy Court.  <u>See</u> Defendants' Opposition Memorandum to CHG's Remand Motion.  By denying CHG's request for a stay and requiring CHG to file an opposition to Defendants' SJ Motion, CHG will be forced to confront these and other undisputed facts, all of which will highlight CHG's misleading pleading tactics and serve to further underscore this Court's jurisdiction.

In any event, CHG will not be harmed by entry of an order denying the Stay Motion.  CHG would be required to promptly file an opposition to the SJ Motion even if the matter were remanded.  Furthermore, CHG has already benefited by having unilaterally granted itself an extension of time beyond the due date required by Local Rule 7(b).

**Conclusion**

For the foregoing reasons, and for such other reasons as the Court deems appropriate, Defendants request that the Court deem the SJ Motion conceded and grant Defendants' SJ Motion or, in the alternative, deny the Stay Motion.

Dated: November 20, 2007                    Respectfully submitted,

                                                        PILLSBURY WINTHROP SHAW PITTMAN, LLP

                                                        By:   /s/ Jack McKay
                                                                  Jack McKay (No. 159335)
                                                                  2300 N Street, N.W.
                                                                  Washington, D.C. 20037-1128
                                                                  Tel: (202) 663-8000
                                                                  Fax: (202) 663-8000
                                                                  For Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CAPITOL HILL GROUP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 07-1936 (RCL) |
| v. ) | |
| ) | |
| PILLSBURY WINTHROP SHAW PITTMAN, LLP, ) | |
| SHAW PITTMAN, LLP, ) | |
| PAUL A. TUMMONDS, JR., AND ) | |
| PATRICK J. POTTER, ) | |
| Defendants. ) | |

## ORDER

Upon consideration of Plaintiff's Motion to Stay Proceedings and supporting memorandum, Defendants' Memorandum in Opposition, Plaintiff's Reply and the pleadings in this matter, it is hereby

ORDERED, that Plaintiff's Motion to Stay Proceedings is denied; and further

ORDERED, that Defendants' Motion for Summary Judgment is granted based upon the failure of Plaintiff to file a responsive pleading in accordance with the Local Rule 7(b).

_____
The Honorable Royce C. Lamberth
United States District Judge

Dated: _____

700874294_2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
**CAPITOL HILL GROUP,**                        )
                                                    )
                **Plaintiff,**                )
                                                    )     **Civil No. 07-1936 (RCL)**
**v.**                                                 )
                                                    )
**PILLSBURY WINTHROP SHAW PITTMAN, LLP,**  )
**SHAW PITTMAN, LLP,**                           )
**PAUL A. TUMMONDS, JR., AND**             )
**PATRICK J. POTTER,**                             )
                **Defendants.**           )
_____)

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2007, I caused the following documents, filed by Defendants in the above-captioned proceeding, to be served by hand on Emil Hirsch, O'Connor & Hannan, L.L.P., 1666 K Street, N.W., Suite 500, Washington, D.C. 20006-2803:

1. Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Stay Proceedings on Defendants' Motion for Summary Judgment; and
2. Proposed Order.

Dated:  November 20, 2007                  /s/ Jack McKay_____
                                                 Jack McKay (No. 159335)
                                                 Pillsbury Winthrop Shaw Pittman LLP
                                                 2300 N Street, N.W.
                                                 Washington, D.C. 20037-1128
                                                 Tel:  (202) 663-8000
                                                 Fax:  (202) 663-8000