IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAPITOL HILL GROUP,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| vs. | )  Civil No. 07-1936 (RCL)<br>) |
| **PILLSBURY WINTHROP**<br>**SHAW PITTMAN, LLP, et al.** | )<br>)<br>) |
| **Defendants.** | )<br>) |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STAY PROCEEDINGS
ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Capitol Hill Group ("CHG"), by and through its undersigned counsel, hereby files this Reply to Defendants' Opposition (the "Opposition") to CHG's Motion to Stay Proceedings on Defendants' Motion for Summary Judgment (the "Motion to Stay"), and in support thereof, states as follows.

**ARGUMENT**

In the Motion to Stay (at page 2), CHG demonstrated that this Court routinely holds that it must resolve challenges to subject matter jurisdiction before adjudicating claims on the merits. CHG cited to no less than ten separate prior decisions of this Court in support of this universally-held principle. Accordingly, CHG maintained that it is entitled, as a matter of right, to a stay of proceedings related to Defendants' Motion for Summary Judgment, pending the adjudication of CHG's co-pending Motion for Remand or in the Alternative for Abstention (the "Motion for Remand"). In the Motion to Stay, CHG also established that the need for a stay is augmented in this case given the *particular* jurisdictional challenges at issue. Specifically CHG noted that: (i) among the principal doctrines supporting the Motion for Remand was the so-called "well-

pleaded complaint rule"; and (ii) adjudicating Defendants' Motion for Summary Judgment prior to, or even simultaneously with, the Motion for Remand would effectively grant Defendants a "back-door" mechanism around the well-pleaded complaint rule, since the Motion for Summary Judgment and its supporting papers are extrinsic to CHG's Complaint.

In their Opposition to the Motion to Stay, Defendants make no effort whatsoever to meaningfully address (let alone rebut) the plethora of authorities to which CHG cites in support of its contention that jurisdictional issues should be resolved before substantive issues. Instead, Defendants claim that: (1) CHG's Motion to Stay was untimely filed, and therefore the Motion for Summary Judgment is conceded; (2) CHG's authorities do not specifically authorize a stay of proceedings pending the adjudication of a jurisdictional dispute; and (3) compelling CHG to respond to the Motion for Summary Judgment will further the policies underlying the well-pleaded complaint rule, under the "artful pleading" exception to this rule set forth in Rivet v. Regions Bank of Louisiana, 522 U.S. 470 (1998). Each of these argument is addressed in turn.

Defendants' claim that the Motion to Stay was untimely filed is nonsensical. Defendants concede that CHG's Opposition to Defendants' Motion for Summary Judgment was due on November 9. The Motion to Stay was filed on November 9. In the Motion to Stay, CHG requests that it not be required to respond to Defendants' Motion for Summary Judgment until fifteen days from the date this Court denies the Motion for Remand (in the event of a denial). This requested stay, as already stated, is not one addressed to the discretion of this Court, rather, it is one to which Plaintiff is entitled as a matter of right. Secondarily, as a discretionary alternative, the Motion to Stay could be viewed, in effect, as a timely request for a conditional extension of time within which to respond to Defendants' Motion for Summary Judgment. F.R.C.P. 6(b)(1) expressly provides for such relief. Defendants do not cite to a single authority

in support of their tacit argument (on page 2 of the Opposition) that CHG was required to seek an extension of time *prior* to the November 9 due date. Accordingly, Defendants' argument that the Motion to Stay was untimely should be disregarded.

CHG has two responses to Defendants' second contention. First, under the circumstances of this case, the only meaningful way to adhere to the prior admonitions of this Court and the D.C. Circuit that jurisdictional questions are to be resolved before substantive issues, is by staying all proceedings relating to Defendants' Motion for Summary Judgment pending the disposition of the Motion for Remand. Second, as a discretionary alternative, CHG's Motion can be viewed as a motion for a conditional extension of time, and there is more than ample authority in support of the proposition that this Court may extend the time period within which a party may respond to a motion. See, e.g., F.R.C.P. 6(b)(1).

With regard to Defendants' third contention, the so-called "artful pleading" exception discussed by the Court in Rivet only applies when the complaint at issue omits "necessary federal questions," for example, circumstances of federal preemption. Id., at 475 ("The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state law claim."). There are no necessary issues of federal law implicated by this case which are preemptive of all state or local law issues. Defendants do not claim that preemption, or any analogous doctrine, is pertinent to this matter (while Defendants proffer a disjointed recitation of CHG's alleged "misleading pleading tactics,"[1] they do not allege, nor could they prove, that CHG omitted a *necessary* federal issue from its Complaint).[2]

---

[1] Opposition, at page 4.

[2] Furthermore, as exhaustively addressed in the Motion for Remand, although Defendants' anticipated res judicata defense may raise certain issues of federal law, Rivet conclusively holds that federal res judicata defenses are per se *insufficient* to confer removal jurisdiction upon a District Court.

## CONCLUSION

As demonstrated herein and in the Motion, in light of the substantial questions regarding this Court's subject matter jurisdiction over the case sub judice, CHG is entitled to a stay in this matter as a matter of right. Alternatively, CHG is entitled to an extension of time within which to file a response to Defendants' Motion for Summary Judgment, up until and including 15 days from the date this Court denies CHG's Motion for Remand (in the event of a denial of such Motion). For each of the foregoing reasons, the Motion should be granted and Defendants' arguments in the Opposition should be summarily rejected.

Dated: November 28, 2007

Respectfully submitted,

By: _____/s/_ Emil Hirsch_____
Emil Hirsch (D.C. Bar No. 930478)
Tamir Damari (D.C. Bar No. 455744)
O'CONNOR & HANNAN, L.L.P.
1666 K Street, N.W., Suite 500
Washington, D.C. 20006-2803
Email: ehirsch@oconnorhannan.com
tdamari@oconnorhannan.com
Phone: (202) 887-1400
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on the 28th day of November, 2007, via this Court's Notice of Electronic Filing, upon:

Jack McKay, Esq.
PILLSBURY WINTHROP SHAW PITTMAN, LLP
2300 N Street, N.W.
Washington, D.C. 20037

_____/s/_ Emil Hirsch_____

151809_1.DOC