UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
**CAPITOL HILL GROUP,**                     )
                                            )
        **Plaintiff,**                 )
                                            )   Civil No. 07-1936 (RCL)
   **v.**                                )
                                            )
**PILLSBURY WINTHROP SHAW PITTMAN, LLP,**   )
**SHAW PITTMAN, LLP,**                      )
**PAUL A. TUMMONDS, JR., AND**              )
**PATRICK J. POTTER,**                      )
        **Defendants.**                )
_____)


**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND
SUPPLEMENTAL BRIEF IN SUPPORT OF ITS REMAND MEMORANDA**

Pursuant to Local Rule 7(b), Defendants respectfully submit this Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Leave to File a Second Supplemental Brief in Support of its Remand Memoranda (the "Motion for Leave"). Local Rule 7 does not provide for filing a "supplement," and therefore the Motion for Leave should be treated as a motion to amend pleading under Local Rule 7(i), with CHG's second supplement being treated as an amendment to its three previously-filed memoranda.

**Introduction**

On November 9th and 30th 2007, CHG filed 40-page and 25-page briefs on the jurisdictional question. Then, on February 20, 2008, without seeking leave of court, CHG filed its first supplement. Thus, excluding its current round of papers, CHG has consumed nearly 70 pages briefing the issue and has cited no case contradicting the six U.S. Court of Appeals decisions

holding that Section 1334 "arising in" jurisdiction exists over breach of contract[1] and malpractice allegations with respect to services rendered by Section 327 professionals during their bankruptcy-court approved engagements.[2] CHG now seeks permission to file a second supplement (i.e., a fourth brief) based upon the D.C. bankruptcy court decision in Shaw Pittman v. Peter Shin, 2004 Bankr. Lexis 2262, 2004 Westlaw 3214462 (Bankr. D.C. 2004), and the Fifth Circuit's decision in Wood v. Wood, 825 F.2d 90 (5th Cir. 1987).[3]

The Court should deny CHG's Motion for Leave. The Shin decision, which involved CHG's sole principal, Peter Shin and not CHG, has at all times been readily available on Lexis and Westlaw, and would have been promptly produced in any electronic searches containing the words "District of Columbia," "jurisdiction" and "bankruptcy." CHG's failure to bring the decision to this Court's attention sooner is inexcusable. Also, the Shin decision adds nothing new to the issues already briefed,[4] and does not contradict the six Circuit Court decisions that are on point with the instant jurisdictional dispute. Even if it did, Shin is not stare decisis.[5]

---

[1] The sole relevant contract entered into between CHG and Shaw Pittman was the bankruptcy court's engagement. And, CHG entered into that agreement solely in its capacity as debtor-in-possession. See e.g. Potter Affidavit (Docket Entry No. 7), Exhibits 3, 4, 5, 7 (page 14).

[2] Those six decisions are Geruschat v. Ernst & Young LLP, 505 F.3d 237 (3d Cir. 2007); Grausz v. Englander, 321 F.3d 467 (4th Cir. 2003); Iannochino v. Rodolakis, 242 F.3d 36 (1st Cir. 2001); Southmark Corp. v. Coopers & Lybrand, 163 F.3d 925 (5th Cir. 1999); Walsh v. Northwestern Nat'l Ins. Co. of Milwaukee, Wis., 51 F.3d 1473 (9th Cir. 1995); Sanders Confectionary Prod., Inc. v Heller Fin., Inc., 973 F.2d 474 (6th Cir. 1992).

[3] If the Motion for Leave is granted, CHG will have filed 6 briefs on this issue, the four it has already filed, together with (x) its reply to this opposition, and (y) another reply to any brief filed by Shaw Pittman in response to CHG's second supplement.

[4] In fact, Southmark reveals that the differences between Shin and the instant case are identical to the differences between the Fifth Circuit's decision in Wood, which did not involve a Section 327 professional, and its decision in Southmark, which did. See Southmark, at 931-32 (Wood is "distinguishable from a malpractice claim involving court-appointed professionals.")

[5] See e.g., Lekas v. Mann, 299 B.R. 597, 603 (Bankr. D. Ariz. 2003) ("The doctrine of stare decisis does not bind one bankruptcy court to follow the decision of another bankruptcy court, even if that decision is from another bankruptcy judge in the same district.").

2

**Argument**

1. **Leave Should Be Denied Because The <u>Shin</u> Decision Was Readily Available to CHG and its Counsel**

In the motion CHG states that its counsel's failure to locate the <u>Shin</u> decision is "understandable and excusable." CHG explains that <u>Shin</u> was not located because of the voluminous records of CHG.

The Court should reject this explanation as either understandable or excusable. CHG's sole owner is Peter Shin. The <u>Shin</u> decision involved Shaw Pittman, which is a defendant in this suit. There is no explanation why Peter Shin did not provide a copy of the decision to CHG's counsel, even if it were not otherwise available.

However, <u>Shin</u> was readily available on Lexis and Westlaw. There is only one bankruptcy judge in the District of Columbia, and a Lexis or Westlaw search for his written decisions on jurisdiction readily produces the <u>Shin</u> case. It is inexplicable that CHG's counsel did not previously locate the decision on its own, and as such it is inexcusable to introduce the decision at this late date in the briefing process.

2. **Leave Should Be Denied Because CHG's Arguments For Considering <u>Shin</u> Lack Merit**

The decision to grant or deny leave to amend a pleading is within the discretion of the trial court, and leave to amend should be denied when amendment would be futile. <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182(1962) (holding that leave to amend may properly be denied where amendment would be futile). Here, CHG's amendment is futile.

<u>Shin</u> and the instant case are not even similar, much less "precisely" the same. In the <u>CHG</u> chapter 11, Shaw Pittman served as debtor's counsel pursuant to Section 327 and 330, and when

3

Shaw Pittman was not paid, it sued CHG.[6] In the <u>Shin</u> dispute, however, Shaw Pittman was not counsel to Peter Shin. As the <u>Shin</u> decision itself reflects, Stephen Nichols of the Deckelbaum firm served as Peter Shin's Section 327 bankruptcy counsel.[7] Furthermore, Shaw Pittman did not sue Peter Shin to recover for services rendered to Peter Shin, but rather on fraud, negligence and other theories with respect to his role in hiring Shaw Pittman to represent his wife and his mother. The services at issue in <u>Shin</u> were rendered by Shaw Pittman to Peter Shin's wife and mother. They were not rendered by Shaw Pittman pursuant to a court-approved Section 327 engagement, and were never subject to review for quality and necessity by the bankruptcy court under Section 330.[8] This is the critical fact missing in the <u>Shin</u> case; the dispute did not involve a challenge to services rendered by a Section 327/330 professional during the course of the Section 327/330 engagement.

Furthermore, the court in <u>Shin</u> held that it lacked jurisdiction over the conduct of the individual debtor, Peter Shin, because he was not acting within his authority as debtor-in-possession:

> Regardless of whether the claims have merit, what is plain is that the <u>claims are not based on Dr. Shin's conduct as a debtor-in-possession in administering the estate prior to confirmation</u> re-vesting the estate in him. Rather, they are of a strictly personal nature: his conduct in arranging for Shaw Pittman to represent his mother and wife.

---

[6] This is the litigation that lead to the <u>CHG I</u> and <u>CHG II</u> decisions by this Court. <u>See</u> Potter Affidavit Exhibits 20, 22A-B. There, neither the bankruptcy court nor this Court found jurisdiction lacking in that post-confirmation litigation involving Shaw Pittman as a Section 327 and 330 professional.

[7] Thus, the intellectually honest analogy would involve a breach of contract and malpractice action by Peter Shin against Mr. Nichols for services rendered by him under the umbrella of his Section 327/330 engagement in <u>Shin</u>. That issue, however, was not remotely addressed by Judge Teel in <u>Shin</u> or any other written decision.

[8] While Shaw Pittman sent an engagement letter to Mrs. Shin and Mrs. Shin, it was subsequently discovered that Peter Shin intercepted their mail (including copies of invoices) and prevented them from executing the letter; though both Mrs. Shins regularly worked cooperatively with Shaw Pittman lawyers during the engagement and prior to the Shins' refusal to pay any of Shaw Pittman's invoices.

4

2004 Bankr. Lexis 2262 at *4 (emphasis supplied).  In contrast, Shaw Pittman's services in the CHG case were authorized under Section 327, its engagement was approved by the bankruptcy court, its services were rendered to administer (i.e., to benefit) the bankruptcy estate, and its services were reviewed for quality and necessity and approved by the bankruptcy court in an order that this Court affirmed in CHG I.[9]  Shin has nothing to do with this case, and its holding says nothing about jurisdiction over Shaw Pittman's services performed for CHG.

Because the jurisdictional issue in Shin is patently different than the jurisdictional issue in the instant dispute, neither the doctrine of collateral estoppel nor the "standard"-setting doctrine asserted by CHG (assuming such doctrine even exists in this or any other context) apply in this case, and the Court should deny the Motion for Leave.

**Conclusion**

CHG's Motion for Leave should be denied.  Shin was available to CHG and its counsel. CHG's comparison of the facts and legal issues in Shin and the instant case is meritless.  CHG's second supplement amounts to a rehash of arguments it has already made in its now more than 70 pages of briefing, and Defendants, in the absence of a truly new argument, should not be required to unnecessarily spend additional resources further responding.

Accordingly, Defendants request that the Court enter an order denying CHG's Motion for Leave and striking the proposed supplement.  If, however, the Court overrules this Opposition, Defendants request that the Court permit Defendants the opportunity to file, within 20 days

---

[9]    This is evidenced by the fact that the bankruptcy court approved the necessity and quality of Shaw Pittman's services pursuant to Section 330(a)(3).

5

after entry of the order granting the Motion for Leave, their brief in response to CHG's second Supplement.

Dated: May 12, 2008

Respectfully submitted,

PILLSBURY WINTHROP SHAW PITTMAN, LLP
By:   /s/ Jack McKay
        Jack McKay (No. 159335)
        2300 N Street, N.W.
        Washington, D.C. 20037-1128
        (202) 663-8000
        For Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CAPITOL HILL GROUP,<br><br>                  Plaintiff,<br><br>    v.<br><br>PILLSBURY WINTHROP SHAW PITTMAN, LLP,<br>SHAW PITTMAN, LLP,<br>PAUL A. TUMMONDS, JR., AND<br>PATRICK J. POTTER,<br>                  Defendants. | Civil No. 07-1936 (RCL) |

**ORDER**

This matter came before the Court on the Motion for Leave to File Supplement to Plaintiff's Memorandum in Support of Motion for Remand Pursuant to 28 U.S.C. § 1447(c) and 1452(b), or in the Alternative Abstention Pursuant to 1334(c) [Docket 25] and the Opposition of Defendants thereto [Docket 26]. Upon considering the pleadings and the arguments made therein, and the entire record, it is, this ___ day of _____, 2008, hereby

    ORDERED, that such Motion is DENIED; and it is further

    ORDERED, that the Supplement attached as Exhibit 1 to Plaintiff's Motion is hereby stricken from the record.

                                                                                                               _____
                                                                                                               DISTRICT COURT JUDGE