IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITOL HILL GROUP, | ) |
| Plaintiff, | ) |
| vs. | ) Civil No. 07-1936 (RCL) |
| PILLSBURY WINTHROP SHAW PITTMAN, LLP, et al. | ) |
| Defendants. | ) |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENT TO MEMORANDUM IN SUPPORT OF MOTION FOR REMAND OR IN THE ALTERNATIVE ABSTENTION**

Plaintiff Capitol Hill Group ("Plaintiff"), by and through its undersigned counsel, hereby files this Reply to Defendant's Opposition (the "Opposition") to Plaintiff's Motion for Leave (the "Motion for Leave") to File Supplement to Memorandum in Support of Motion for Remand, or in the Alternative Abstention (the "Motion for Remand") and states as follows:

Plaintiff wishes to briefly respond to Defendants' second argument in the Opposition; i.e., that the Motion for Leave is futile because the September 23, 2004 Memorandum Decision (the "Memorandum Decision") rendered by the U.S. Bankruptcy Court in Shaw Pittman LLP v. Peter Shin, (Adversary Proceeding No. 04-10070) (the "Adversary Proceeding") has no collateral estoppel effect on the instant case. In support of this contention, Defendants argue essentially that the issue adjudicated in the Adversary Proceeding is different than the issue subject to adjudication in Plaintiff's Motion for Remand. As established below, Defendants' argument misses the point.

The Opposition focuses exclusively upon the factual differences between the Plaintiff's closed bankruptcy case[1] and the Adversary Proceeding. Firstly, it is worth noting that this

---
[1] In Re: Capitol Hill Group, (Case No. 02-0359, Bankr. D. D.C.).

1

analytical framework is erroneous at the outset. As discussed in the proposed Supplement to the Motion for Remand (the "Supplement"), the appropriate comparison for collateral estoppel purposes is whether the *jurisdictional issue* pending resolution in *this* case (via the Motion for Remand) was previously resolved via the Memorandum Decision. The similarities and differences between Plaintiff's closed bankruptcy case and the Adversary Proceeding are not directly relevant to this collateral estoppel analysis, as demonstrated below.

Secondly, Defendants' emphasis upon the different factual context within which the Adversary Proceeding arose is beside the point. As discussed in the Supplement, the doctrine of collateral estoppel, by definition, applies to different causes of action involving a party to a prior litigation. (Supplement, at pages 2-3). The doctrine neither requires an identity of facts, nor an identity of parties. Id., at pages 2-4. As such, the extent of factual similarity between this case and the Adversary Proceeding is only relevant secondarily, to the extent its frames the *legal* issue to be decided.

Plaintiff does not maintain in the Supplement that the Memorandum Decision's jurisdictional dismissal collaterally estopps Defendants from arguing that this Court has § 1334 jurisdiction in the case sub judice. Rather, Plaintiff contends only that this Court is bound by the *legal standard* articulated in the Memorandum Decision for assessing § 1334(b) jurisdiction. (Supplement, at page 8). As discussed in the Supplement, when a party alleges the putative collateral estoppel effect of a *legal standard* (as opposed to an application of law to fact), factual differences between the earlier case and the latter case are not directly material. (See Supplement, at pages 7-9, GAP Corp. v. U.S., 818 F.2d 901, 912-914 (D.C. Cir. 1987).

The correctly-framed issue central to the Motion for Remand is whether this Court should adopt the legal standard articulated by Plaintiff,[2] or that espoused by Defendants, for determining

---

[2] See In Re: Barnes, 365 B.R. 1, 3 (Bankr. D.D.C 2007).

2

the existence of § 1334(b) post-confirmation "arising in" jurisdiction over a dispute unrelated to a bankruptcy plan and estate. (Supplement, at page 8).[3] On this discrete point, Plaintiff maintains that the jurisdictional standard articulated in the Memorandum Decision is binding upon Defendants in the instant case via collateral estoppel. Defendants' prolonged discussion in the Opposition of the factual differences between Plaintiff's closed bankruptcy case and the Adversary Proceeding fails to explain how and why these factual differences have any bearing on the *legal standard* under which § 1334(b) jurisdiction is to be determined. Indeed, given that the Wood/Barnes jurisdictional standard is articulated in a manner that suggests broad applicability,[4] it would appear that any factual differences between this case and the Adversary Proceeding are, for purposes of the precise issue to be adjudicated, irrelevant. It belabors the obvious to note that a legal standard, by its very nature, is formulated to apply to a wide variety of factual contexts, and there is nothing in the Opposition that would support Defendants' tacit assumption that the factual differences between this case and the Adversary Proceeding warrant the application of an entirely different jurisdictional standard to this case, particularly one that has never been adopted by this Court.[5]

In short, the arguments made in the Opposition are "red herrings." The Motion is plainly not futile and should be granted.

---

[3] While Defendants suggest that the pertinent issue in the case sub judice differs from the issue resolved in the Memorandum Decision, Defendants fail to explain how and to what extent these issues diverge.

[4] Barnes holds that "arising in proceedings are those that are not based on any right expressly created by title 11, but nevertheless would have no existence outside of the bankruptcy." 365 B.R. at page 3. Thus Barnes formulates a jurisdictional test that could apply to a vast myriad of possible factual scenarios.

[5] Defendants fail to even suggest how these factual differences have a bearing upon the legal standard for assessing § 1334 jurisdiction, let alone how these factual differences favor: (i) adopting the jurisdictional standard Defendants espouse (which is based entirely upon case law from outside this jurisdiction); and (ii) rejecting the Barnes/Wood standard previously articulated by this Court.

Respectfully submitted,

By: ____/s/ Emil Hirsch_____
    Emil Hirsch (D.C. Bar No. 930478)
    Tamir Damari (D.C. Bar No. 455744)
    O'CONNOR & HANNAN, L.L.P.
    1666 K Street, N.W., Suite 500
    Washington, D.C. 20006-2803
    Email: ehirsch@oconnorhannan.com
    tdamari@oconnorhannan.com
    Phone: (202) 887-1400
    Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on the 20th day of May, 2008, via this Court's Notice of Electronic Filing, upon:

Jack McKay, Esq.
PILLSBURY WINTHROP SHAW PITTMAN, LLP
2300 N Street, N.W.
Washington, D.C. 20037

____/s/ Emil Hirsch_____