UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **CAPITOL HILL GROUP,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1936 (RCL) |
| | ) | |
| **PILLSBURY WINTHROP** | ) | |
| **SHAW PITTMAN, LLP,** *et al*. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Now before the Court comes plaintiff Capitol Hill Group's Motion for Leave to File Supplement to Plaintiff's Memorandum in Support of Motion for Remand Pursuant to 28 U.S.C. § 1447(c) and 1452(b), or in the Alternative Abstention Pursuant to 1334(c) [25]. Upon consideration of the motion, defendants' opposition [26], plaintiff's reply [27], the entire record herein, and applicable law, the Court will GRANT plaintiff's motion. The Court will allow defendants twenty days after entry of this order to file their brief in response to plaintiff's supplement.

**I.    BACKGROUND**

Plaintiff Capitol Hill Group ("CHG") filed suit in the Superior Court for the District of Columbia on September 7, 2007, alleging defendants Pillsbury Winthrop Shaw Pittman, LLP and Paul A. Tummonds, Jr. (collectively "Shaw Pittman") committed legal malpractice, breach of fiduciary duty, and breach of contract in connection with their representation of CHG in a dispute with the District of Columbia Board of Zoning Adjustment ("BZA"). (*See* Compl. ¶¶ 19-

31.) Defendants subsequently sought to remove the case to this Court, claiming federal jurisdiction under 28 U.S.C. § 1334. (Notice of Removal ¶ 4.)

Upon removal of the case, plaintiffs filed a Motion for Remand Pursuant to 28 U.S.C. § 1447 (c) and § 1452 (b), or in the Alternative, Abstention Pursuant to 28 U.S.C. § 1334 (c) as well as a subsequent Supplemental Motion for Remand.  Plaintiff now seeks leave of the Court to file a second supplement to its Motion for Remand.  The supplement includes a discussion of legal standards articulated in a previous case involving defendants, *In re Shin*, No. 02-0357, 2004 Westlaw 3214462 (Bankr. D.D.C. Sept. 22, 2004), and argues that the Court should invoke collateral estoppel regarding the jurisdictional issue.  (Pl.'s Mot. for Leave ¶¶ 6-7.)

## II.    ANALYSIS

### A.    Legal Standard

The Supreme Court has long recognized the importance of allowing parties substantial freedom to amend and supplement their complaints, reasoning that strict enforcement of technicalities deprives parties of a decision on the merits.  *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962).  Accordingly, trial courts are afforded a significant degree of discretion in determining whether to grant parties leave to amend pleadings.  *See id.* at 182.

Trial courts maintain an even greater level of autonomy when evaluating motions to supplement, which are distinct from motions to amend pleadings.  *Marsh v. Johnson*, 263 F. Supp. 2d 49, 54 (D.D.C. 2003).  Indeed, disposing of motions to supplement "rests entirely on the court's discretion" because the moving party "seeks only to update an earlier declaration." *Id.*  Courts therefore have been hesitant to deny a party's motion to supplement.  *See, e.g.*

*Sculimbrene v. Reno*, 158 F. Supp. 2d 26, 30 n.2 (D.D.C. 2001) (granting plaintiff's motion for leave to supplement even though plaintiff had not justified its delay in presenting supplementary material and material was limited in usefulness).  Granting of such a motion is proper so long as the supplementary material seeks to advance a theory previously articulated by the moving party. *See Alexander v. F.B.I.*, No. 96-2123, 1999 WL 270023 at *2 (D.D.C. April 21, 1999).  In such a situation, the opposing party is not prejudiced as long as it is given the opportunity to file a response to the supplement.  *See Marsh*, 263 F. Supp. 2d at 54 n.6.

      B.    **<u>Supplement is Proper</u>**

Defendants argue that plaintiff's motion should be denied, because the supplementary material was available to plaintiff at the time it filed its initial Motion for Remand, and such a supplement would be futile.  (Opp'n 3-5.)  This Court disagrees.

Though plaintiff provided no worthy justification for its inability to discover the *Shin* case prior to its initial filing of the Motion for Remand, such a failure is not fatal to its prospects of prevailing on its request to supplement that motion.  *See Sculimbrene*, 158 F. Supp. 2d at 30 n.2.  The Supreme Court's clear mandate that the interest in deciding a case on the merits is paramount, *Foman*, 371 U.S. at 181-182, excuses plaintiff's delay in producing this supplementary material.

Further, the likely contribution of supplementary material to the ultimate disposition of plaintiff's claim does not dictate the evaluation of the Motion to Supplement.  *See Sculimbrene*, 158 F. Supp. 2d at 30 n.2.  So long as the supplementary information advances plaintiff's prior legal claim, granting of the Motion is proper.  *See Alexander*, 1997 WL 2700023 at *2.  Here, plaintiff contended in its initial Motion for Remand that this Court does not have jurisdiction

under 28 U.S.C. § 1334. (Mot. for Remand 3.) Its supplement seeks merely to advance this primary argument by further illustrating the legal standards appropriate in this context and asserting that collateral estoppel bars continuing litigation of these standards. (*See* Mot. for Leave.) The likely success of these arguments has no bearing on the disposition of this Motion. *See Sculimbrene*, 158 F. Supp. 2d at 30 n.2.

### III. CONCLUSION AND ORDER

Upon full consideration of the motion, defendants' opposition, plaintiff's reply, the entire record herein, and applicable law, it is hereby, for the reasons set forth above,

ORDERED that plaintiff's motion is GRANTED. It is further hereby

ORDERED that defendants shall have twenty days after entry of this order to file their brief in response to plaintiff's supplement.

SO ORDERED.

Signed by Chief Judge Lamberth, on June 2, 2008.