IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITOL HILL GROUP, | ) |
| Plaintiff, | ) |
| vs. | ) Civil No. 07-1936 (RCL) |
| PILLSBURY WINTHROP SHAW PITTMAN, LLP, et al. | ) |
| Defendants. | ) |

**SUPPLEMENT TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR REMAND PURSUANT TO 28 U.S.C. §1447(c) AND 1452(b), OR IN THE ALTERNATIVE ABSTENTION PURSUANT TO 1334(c)**

Plaintiff Capitol Hill Group ("Plaintiff"), by and through its undersigned counsel, hereby files this Supplement to Plaintiff's Memorandum in Support of Motion for Remand Pursuant to 28 U.S.C. § 1447(c) and 1452(b), or in the Alternative Abstention Pursuant to 1334(c) (the "Motion") and, in support thereof, states as follows:

In the Motion (which is currently pending before this Court), Plaintiff argued, inter alia, that this Court does not have "arising in" subject matter jurisdiction over the instant case under 28 U.S.C. § 1334(b). The gravamen of Plaintiff's argument is that "claims that 'arise in' a bankruptcy case are claims that by their nature, not their particular factual circumstance, could only arise in the context of a bankruptcy case." Stoe v. Flaherty, 436 F.3d 209, 218 (3rd Cir. 2006).[1] In response, Defendants argue in their Opposition to the Motion that the case sub judice "arises in" Plaintiff's closed bankruptcy case simply because the zoning malpractice underlying this case occurred fortuitously during a time when Plaintiff was in bankruptcy.

---

[1] See, e.g., Motion at pages 22-29, Plaintiff's Reply Brief ("Reply"), at pages 1-7, 14-16.

1

In its Reply Memorandum, Plaintiff established that Defendants' interpretation of "arising in" jurisdiction, which focuses principally upon the time the events giving rise to a cause of action occurred, while ignoring the nature of the cause of action and the context within which the underlying claim arose, is unsupportable by and contrary to apposite precedent.[2] Plaintiff submits that the adjudication of the Motion is in large part driven by which standard of "arising in" jurisdiction this Court adopts. In connection with this discrete issue, Plaintiff is filing the instant Supplement to bring to the Court's attention a Memorandum Decision and Order of Judge Teel dated September 23, 2004 (collectively the "Memorandum Decision") in an adversary proceeding stemming from the bankruptcy case of Plaintiff's principal Dr. Peter Shin. This case was styled Shaw Pittman LLP v. Peter Shin, (Adversary Proceeding No. 04-10070) (the "Adversary Proceeding").[3] As demonstrated below, this jurisdictional decision, adverse to the Defendants and consistent with the jurisdictional arguments made by Plaintiff in the Motion and Memorandum, is binding on Defendants under the doctrine of collateral estoppel. Accordingly, this Court should accept the standard for "arising in" jurisdiction previously articulated by Plaintiff, and reject the standard urged by Defendants.

## I. ARGUMENT

### A. General Legal Standard For Collateral Estoppel

Under the doctrine of collateral estoppel: "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Cutler v.

---

[2] See, e.g., Reply, at pages 2-7, 14-16.

[3] This Memorandum Decision is attached hereto as Exhibit A.

Hayes, 818 F.2d 879, 888 (D.C. Cir. 1987). Three conditions must be satisfied in order to bind a party by collateral estoppel:

> First, the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case. Second, the issue must have actually and necessarily determined by a court of competent jurisdiction in that prior case. Third, preclusion in the second case must not work a basic unfairness to the party bound by the first determination.

In re: Subpoena Duces Tecum Issued to Commodity Futures Trading Commission, 439 F.3d 740, 743 (D.C. Cir. 2006) citing Yamaha Corp of America v. U.S., 961 F.2d 245, 254 (D.C. Cir. 1992).

Importantly, for purposes of the instant case, the doctrine of collateral estoppel does not require an identity between the party in whose favor an issue was decided in the first litigation, and the party seeking to invoke collateral estoppel in a subsequent litigation. See, e.g., Carr v. D.C., 646 F.2d 599, 602 n.16 ("It was once the rule that a person who did not participate in a prior action . . . could not invoke issue preclusion against a party to the prior adjudication. This mutuality of estoppel rule has undergone erosion to the point where it is now generally held . . . that a party who loses the contest of an issue against one adversary is ordinarily precluded from litigating it against any other adversary.") (internal citations omitted). Where, as here, a plaintiff seeks to foreclose a defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party, such invocation of the collateral estoppel doctrine is known as "offensive collateral estoppel." Id., at page 605, n. 24. While there is no fixed rule governing the application of offensive collateral estoppel, courts have typically focused on the basic issue of whether application of the doctrine would be unfair to the party against whom collateral estoppel is asserted. Id. In doing so, courts have examined whether that party had the incentive and opportunity to litigate the relevant issue in the prior litigation Id., at page 605. For

these reasons, so long as the three elements of collateral estoppel are satisfied here, Plaintiff may invoke collateral estoppel offensively against Defendants notwithstanding that Plaintiff was not a litigant in the litigation which gave rise to the Memorandum Decision.

**B. Judge Teel Held In The Memorandum Decision That The Bankruptcy Court Did Not Retain Post-Confirmation Subject Matter Jurisdiction Over Claims Unrelated To A Chapter 11 Plan and Bankruptcy Estate**

The Adversary Proceeding involved a claim by Defendant Shaw Pittman against Dr. Shin for legal fees allegedly owed by Dr. Shin to Shaw Pittman in connection with legal services provided by Shaw Pittman to quash a writ of garnishment issued against bank accounts held by Dr. Shin's mother and wife.[4] Notwithstanding that Shaw Pittman's claims in the Adversary Proceeding clearly did not directly affect Dr. Shin's chapter 11 plan or bankruptcy estate, Shaw Pittman alleged in the Adversary Proceeding (as in this case) that the Bankruptcy Court retained subject matter jurisdiction under 28 U.S.C. § 1334 because the Adversary Proceeding arose during a time when the debtor (Dr. Shin) was in bankruptcy and therefore qualified for "arising in" jurisdiction. This is precisely the same "arising in" jurisdictional issue which is presented in the instant case, as framed by Plaintiff's Motion for Remand. However, Judge Teel unequivocally rejected Shaw Pittman's jurisdictional contention, noting, in pertinent part:

> The court plainly has no subject matter jurisdiction over Shaw Pittman's claims . . . A bankruptcy court's post confirmation jurisdiction "is limited to matters involving the execution, implementation or interpretation of the plan's provisions, and to disputes requiring the application of bankruptcy law." In re Leeds Bldg. Products, Inc., 160 B.R. 689, 691 (Bankr. N.D. Ga. 1993). See also, Zerand-Bernal Group, Inc. v. Cox (In re Cary Metal Products, Inc., 152 B.R. 927, 932 (Bankr. N.D. Ill. 1993) . . . The claims asserted against Dr. Shin are not claims to be paid under the confirmed plan and remain unaffected by the discharge. Accordingly, adjudication of those claims is not necessary to administration of the plan . . . **That the claims arose during the pendency of the bankruptcy case and are against a debtor are insufficient grounds to confer jurisdiction on the bankruptcy court.** See Wood v. Wood (In re Wood), 825 F.2d 90,

---

[4] See, Exhibit A, at pages 3-4.

> 94 (5th Cir. 1987) ("To fall within the court's jurisdiction, the plaintiffs' claims must affect the estate, not just the debtor.") Cf. Community Bank of Homestead v. Boone (In re Boone), 52 F.3d 958 (11 Cir. 1995) (bankruptcy court had no jurisdiction over claim asserted by debtor that arose post petition in a chapter 7 case).

See, Exhibit A, at pages 4-5. (emphasis added).

Based on the foregoing, Judge Teel dismissed Counts I-V on the Adversary Proceeding.[5]

The Memorandum Decision represents a determination adverse to Defendants as to the "arising in" jurisdictional issue. As such, it is entitled to collateral estoppel effect, as demonstrated below.

### C. Judge Teel's Memorandum Decision Is Entitled To Collateral Estoppel Effect And Mandates The Conclusion That This Court Does Not Have 1334(b) "Arising In" Subject Matter Jurisdiction Over This Matter

Judge Teel's Memorandum Decision is significant for several reasons. First, it specifically adopted the standard for "arising in" jurisdiction articulated by Plaintiff in the Motion and Memorandum. Indeed, the Fifth Circuit's holding in In re Wood (cited favorably in the Memorandum Decision) was also relied upon by the District of Columbia Bankruptcy Court in In Re: Barnes, 365 B.R. 1, 3 (Bankr. D.D.C 2007) in support of the contention that "arising in proceedings are those that are not based on any right expressly created by title 11, but nevertheless would have no existence outside of the bankruptcy."[6] This shows, among other things, that the Barnes case, upon which Plaintiff significantly relies in the Motion and Reply, is by no means a decisional aberration but rather is consistent with prior precedent in this jurisdiction. Furthermore, the logic of the Memorandum Decision applies equally to the instant case. This case, like the Adversary Proceeding, plainly does not involve either the execution,

---

[5] Id., at page 7.

[6] See Motion, at pages 22-23.

implementation or interpretation of a bankruptcy plan or the administration of a bankruptcy estate (indeed, Plaintiff's plan has already been administered and its estate has already been closed), nor does it involve application of substantive bankruptcy law principles.[7] Furthermore, Judge Teel's assertion that "To fall within the court's jurisdiction, the plaintiffs' claims must affect the estate, not just the debtor" further undermines Defendants' jurisdictional argument given the closure of Plaintiff's bankruptcy estate; i.e., that without an effect on the estate, there can be no "arising in" jurisdiction.

Even more important, however, is the collateral estoppel effect of Judge Teel's Memorandum Decision. It is well-established in this Circuit that a court's determination of a lack of subject matter jurisdiction over a case is entitled to <u>res judicata</u> and collateral estoppel effect in a subsequent case involving the same jurisdictional issue. <u>See</u> e.g., <u>Cutler</u>, at 887-890 (D.C. Cir. 1987) (District of Columbia Circuit concludes that District Court was bound, under collateral estoppel principles, by determination in previous case that plaintiffs had standing to bring cause of action, noting: "Standing ranks among those question of jurisdiction and justiciability not involving an adjudication on the merits, whose disposition will not bar relitigation of the cause of action originally asserted, but may preclude, or collaterally estop, relitigation of the precise issues of jurisdiction adjudicated."); <u>Dozier v. Ford Motor Co.</u>, 702 F.2d 1189, 1195 (D.C. Cir. 1983) (determination of insufficient amount in controversy under 28 U.S.C. § 1332 in first suit precludes relitigation of such issue in subsequent suit); <u>Hall v. Clinton</u>, 143 F.Supp. 2d. 1, 5 (D.D.C. 2001) (determination that causes of action were preempted by the Civil Service Reform Act binding on subsequent suit involving the same parties). It is also

---

[7] <u>See</u>, e.g., the Motion, at pages 17-24, 28-29, 30-31, 34 and 38-39 and the Reply, at pages 2-4, 6-7, 9-15, 17-19 and 21.

worth noting that under the doctrine of issue preclusion, "[a] valid jurisdictional judgment has preclusive effects . . . even if erroneous." <u>Cutler</u>, at page 888.

It is particularly important to note that although material factual differences between a prior and subsequent case may permit a party to relitigate the *existence* of subject matter jurisdiction in the subsequent action, an adverse jurisdictional decision in the first case can still bar a party from relitigating the *standard* by which subject matter jurisdiction is evaluated. In <u>GAP Corp. v. U.S.</u>, 818 F.2d 901 (D.C. Cir. 1987) government contractors sought indemnification under the Federal Tort Claims Act ("FTCA") from the U.S. government. The FTCA requires that claimants against the U.S. government "present" their claims to an appropriate federal agency as a jurisdictional prerequisite to filing suit. In <u>GAP Corp.</u>, the trial court concluded that collateral estoppel mandated that it follow the rulings in a prior case before the Southern District of New York and Second Circuit involving the claimant, (Keene), in assessing the standard for the legal sufficiency of Keene's presentment (and thus, by extension, the trial court's subject matter jurisdiction). The D.C. Circuit affirmed, noting:

> The judgment ordering dismissal will . . . preclude relitigation of the precise issue of jurisdiction that led to the initial dismissal. A claim of jurisdiction is not precluded if however in the interim subsequent to the initial dismissal there are developments tending to "cure" the jurisdictional deficiency identified in the first suit . . . While the curable-defect exception allows relitigation of a claim of jurisdiction it does not allow for relitigation of the standards by which jurisdiction is ascertained . . . Turning to the case before us, it appears that the Second Circuit's decision in *Keene I* does not preclude Keene's effort to establish federal jurisdiction in this circuit for its tort claim against the United States. <u>The judgment in Keene I does, however, prevent it from relitigating the *standards* for proper presentment under [the FTCA]</u>. The jurisdictional requirements for suits under [the FTCA] were decided by the Second Circuit in *Keene I*, a prior action involving the same parties and substantially the same claim, and, as the District Court properly ruled, it is not open to Keene to seek a new interpretation of them in this circuit.
>
> <u>Id.</u>, at pages 912-914. (emphasis added).

7

Applying the foregoing principles to this case, it is clear that the Memorandum Decision has collateral estoppel effect in this case. Although there is not an identity of parties between the instant case and the Adversary Proceeding (in that Peter Shin, and not Plaintiff, was a party to the Adversary Proceeding), for the reasons discussed, this "non-mutuality" is irrelevant to the collateral estoppel analysis. See Carr, supra, at page 602, n.16, page 3 supra. The legally relevant fact is that the party *against whom* collateral estoppel is sought to be invoked (i.e., Defendant Shaw Pittman) is a party to both this case and the Adversary Proceeding. As in this case, in the Adversary Proceeding Shaw Pittman argued that this Court had post-confirmation jurisdiction under 28 U.S.C. 1334(b) over a dispute unrelated to a bankruptcy plan and estate. Thus, the jurisdictional issue now being raised by Shaw Pittman is identical to the jurisdictional issue submitted for judicial determination in the Adversary Proceeding. Furthermore, the jurisdictional issue described was actually and expressly determined in the Adversary Proceeding (via the Memorandum Decision) in a fashion adverse to Shaw Pittman. Finally, application of offensive collateral estoppel would not be unfair to Shaw Pittman under the circumstances presented.[8] Therefore, with regard to the jurisdictional issue at bar, Plaintiff has satisfied each of the factors for offensive collateral estoppel.

As such, notwithstanding any factual differences between this case and the Adversary Proceeding under the holding of GAP Corp., this Court is bound by the *standard* articulated in the Memorandum Decision for assessing § 1334(b) jurisdiction. Moreover, under the holding of Cutler, supra, the jurisdictional standard set forth in the Memorandum Decision is binding even if this Court believes that such decision was erroneous. See, Cutler, at page 888, page 6, supra.

---

[8] Among other things, this Court's jurisdictional ruling in the Adversary Proceeding is not inconsistent with prior judgments of this Court. To the contrary, as discussed above, this ruling is in accord with the weight of prior and subsequent authority regarding the scope of "arising in" jurisdiction, including In re Barnes, supra.

In the Adversary Proceeding, Judge Teel, in the course of adjudicating an issue in all material respects identical to the issue in dispute in this case held that the applicable standard for assessing § 1334(b) subject matter jurisdiction was that set forth in <u>In re Wood</u>.[9]

Accordingly, for the reasons set forth herein, as well as in the Motion and Memorandum (as supplemented) and Reply, Plaintiff respectfully requests that the Motion be granted.

Respectfully submitted,

By: ___/s/ Emil Hirsch___
Emil Hirsch (D.C. Bar No. 930478)
Tamir Damari (D.C. Bar No. 455744)
O'CONNOR & HANNAN, L.L.P.
1666 K Street, N.W., Suite 500
Washington, D.C. 20006-2803
Email:ehirsch@oconnorhannan.com
tdamari@oconnorhannan.com
Phone: (202) 887-1400
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on the 30th day of April, 2008, via this Court's Notice of Electronic Filing, upon:

Jack McKay, Esq.
PILLSBURY WINTHROP SHAW PITTMAN, LLP
2300 N Street, N.W.
Washington, D.C. 20037

___/s/ Emil Hirsch___

---

[9] Defendants cannot possibly meet the <u>Wood</u> standard for subject matter jurisdiction, for the reasons set forth above and discussed more fully in the Motion and Reply (e.g., the facts that: (i) this case does not involve the execution, interpretation or application of Plaintiff's bankruptcy plan, which has already been administered; (ii) this case in no way affects Plaintiff's (now closed) bankruptcy estate, as Plaintiff is neither seeking disgorgement of any fees paid to Defendants, nor return of any other funds paid to creditors or others; and (iii) this case does not involve the application of substantive bankruptcy law, but rather the common law of legal malpractice as applied to the acts and omissions of Defendants in a zoning litigation entirely distinct from Plaintiff's bankruptcy.

9

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
PETER C. SHIN,                     )
                                   )   Case No. 02-00357
        Debtor.                    )   (Chapter 11)
_____)
                                   )
SHAW PITTMAN LLP,                  )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )
                                   )   Adversary Proceeding No.
PETER C. SHIN,                     )   04-10070
                                   )
        Defendant.                 )

FILED AND ENTERED
SEP 2 3 2004
Denise H. Curtis, Clerk
U.S Bankruptcy Court for D.C.

## DECISION RE MOTION TO DISMISS

The court will dismiss this adversary proceeding based on lack of subject matter jurisdiction over the claims pressed in Counts I through V of the complaint, and based on lack of standing to pursue the claim in Count VI (which seeks modification of the debtor's confirmed plan) such that the claim is not one upon which relief can be granted.

I

On February 20, 2002, the defendant, Dr. Shin, commenced the bankruptcy case within which this adversary proceeding is being pursued. On March 3, 2004, the court confirmed Dr. Shin's plan under chapter 11 of the Bankruptcy Code.[1] As will be seen, the

---

[1] The plan, entitled Third Amended Chapter 11 Plan of Reorganization, is Docket Entry ("DE") No. 171 in the bankruptcy case, Case No. 02-00357. The order confirming that plan is DE No. 178.

Case 1:07-cv-01936-RCL   Document 29   Filed 06/02/2008   Page 12 of 18
04/03/2008 14:00 FAX                                                    ☒003/009

claims against Dr. Shin in this adversary proceeding are not provided for by the confirmed plan, such that subject matter jurisdiction necessarily cannot be based on the bankruptcy court's obvious continuing power to adjudicate the amount of claims that are required to be paid under the plan. No other basis for subject matter jurisdiction exists, save as to the claim seeking modification of the confirmed plan and the confirmation order. As will be seen, that claim is not one upon which relief can be granted (as only a plan's proponent can seek modification).

II

The plaintiff, Shaw Pittman, LLP ("Shaw Pittman") sues Dr. Shin in this adversary proceeding based on events that transpired in the postpetition period and prior to confirmation of Dr. Shin's chapter 11 plan. Accordingly, Shaw Pittman's claims are not prepetition claims required to be paid under the confirmed plan.

Nor are they administrative claims required to be paid under the plan. As discussed below, they are postpetition debts of a personal character. Debts of that type were expressly not to be paid under the plan, and instead passed through the bankruptcy case undischarged and otherwise unaffected by the confirmed

2

plan,[2] all in conformance with the court's criticisms in <u>In re Shin</u>, 306 B.R. 397, 402-407 (Bankr. D.D.C. 2004), of an earlier version of the plan. Accordingly, Shaw Pittman is free to pursue the claims outside of this bankruptcy case, and the claims have no impact on the administration of the plan.

The complaint alleges that Shaw Pittman is owed fees for legal services it provided in prosecuting a proceeding brought by Dr. Shin's mother and wife to quash a writ of garnishment on bank accounts they owned. The mother and wife say that Dr. Shin never provided them the letter that Shaw Pittman gave to him, as their agent, to transmit to them, in which Shaw Pittman communicated its understanding that they were employing its services in the garnishment litigation, and were to pay Shaw Pittman's fees. They have further stated that Dr. Shin was to be responsible for paying the fees. Based on these allegations, Shaw Pittman seeks

---

[2] <u>See</u> Third Amended Chapter 11 Plan of Reorganization, Art. 4.5 (DE No. 171); Order Confirming Third Amended Chapter 11 Plan of Reorganization, ¶ 2 (DE No. 178).

3

decrees addressing Dr. Shin's responsibility to pay the fees.³ Regardless of whether the claims have merit, what is plain is that the claims are not based on Dr. Shin's conduct as a debtor-in-possession in administering the estate prior to confirmation re-vesting the estate in him. Rather, they are of a strictly personal nature: his conduct in arranging for Shaw Pittman to represent his mother and wife.

### III

The court plainly has no subject matter jurisdiction over Shaw Pittman's claims (other than the substantively defective request for modification of the debtor's plan). A bankruptcy court's postconfirmation jurisdiction "is limited to matters involving the execution, implementation, or interpretation of the

---

³ Count I of Shaw Pittman's complaint seeks recovery of the fees from Dr. Shin based on his negligence in failing to perform his duties as agent to his mother and wife (that is, by failing to transmit the letter regarding legal representation).
Count II of the complaint seeks recovery based on equitable subrogation, asserting that the mother and wife owe the fees to Shaw Pittman but also possess claims against Dr. Shin for those same fees to which Shaw Pittman is entitled to be equitably subrogated ...
Count III asserts that Shaw Pittman is the third-party beneficiary of a contract between Dr. Shin and his mother and wife wherein he agreed to be the primary obligor for Shaw Pittman's fees, and thus Shaw Pittman is entitled to recover the fees from Dr. Shin.
Count IV asserts that Dr. Shin defrauded Shaw Pittman by falsely representing that the fees would be paid by his mother and wife.
Count V seeks a declaratory judgment, in the face of conflicting evidence, as to who was to be responsible for the fees (the mother and wife, or, instead, Dr. Shin).

4

plan's provisions, and to disputes requiring the application of bankruptcy law." In re Leeds Bldg. Products, Inc., 160 B.R. 689, 691 (Bankr. N.D. Ga. 1993). See also Zerand-Bernal Group, Inc. v. Cox (In re Cary Metal Products, Inc.), 152 B.R. 927, 932 (Bankr. N.D. Ill. 1993) ("Absent an impact upon the administration of the plan of reorganization, creditors have no standing to invoke a bankruptcy court's limited post-confirmation jurisdiction."). The claims asserted against Dr. Shin are not claims to be paid under the confirmed plan and remain unaffected by his discharge. Accordingly, adjudication of those claims is not necessary to administration of the plan.

That the claims arose during the pendency of the bankruptcy case and are against a debtor are insufficient grounds to confer jurisdiction on the bankruptcy court. See Wood v. Wood (In re Wood), 825 F.2d 90, 94 (5th Cir. 1987) ("To fall within the court's jurisdiction, the plaintiffs' claims must affect the estate, not just the debtor."). Cf. Community Bank of Homestead v. Boone (In re Boone), 52 F.3d 958 (11th Cir. 1995) (bankruptcy court had no jurisdiction over claim asserted by debtor that arose postpetition in a chapter 7 case). Even before the plan was confirmed, Shaw Pittman's claims could not have been asserted against the estate. See Shin, 306 B.R. at 404 ("[T]he property of the estate is not the debtor's, and accordingly is not property to which the holders of postpetition non-administrative

5

claims can look for payment while the case remains in chapter 11: they can obtain no allowed claim against the property of the estate."). Similarly, once the plan was confirmed, re-vesting the property of the estate in Dr. Shin, the court's jurisdiction, in the case of claims against Dr. Shin, was limited to those that were to be paid under the plan, specifically, those that could have been asserted as claims against the estate during its pendency.

Shaw Pittman responds that the confirmed plan contained language regarding retention of jurisdiction sufficiently broad to encompass this adversary proceeding, and points to decisions indicating that a bankruptcy court retains jurisdiction to the extent provided by the confirmed plan. However, a bankruptcy court can retain subject matter jurisdiction under a confirmed plan only to the extent that such jurisdiction exists. "[I]f a court lacks jurisdiction over a dispute, it cannot create that jurisdiction by simply stating it has jurisdiction in a confirmation or other order." Binder v. Price Waterhouse & Co., LLP (In re Resorts International, Inc.), 372 F.3d 154, 161 (3rd Cir. 2004) (citations omitted).

IV

The remaining claim seeks relief under the Bankruptcy Code, but Shaw Pittman lacks standing to pursue the claim. Count VI of the complaint seeks modification of the confirmed plan and the

6

confirmation order consistent with the relief sought in the complaint. However, under 11 U.S.C. § 1127(b) only a proponent of a confirmed plan may seek to modify the plan.[4]

To the extent that Shaw Pittman seeks revocation of the plan, not modification, the complaint includes no allegations that the confirmation order was procured by fraud, a necessary allegation when revocation is sought. See 11 U.S.C. § 1144 ("the court may revoke such order if and only if such order was procured by fraud"). Fraud in obtaining Shaw Pittman's services for his mother and wife has nothing to do with procuring confirmation of Dr. Shin's chapter 11 plan. Moreover, as Dr. Shin concedes, these are non-administrative claims unaffected by the confirmation of the plan, with Shaw Pittman free to pursue the claims in a forum other than the bankruptcy court. The confirmation of the plan accordingly could not have effected any fraud on Shaw Pittman.

V

The court will thus dismiss the claims asserted in Counts I through V of Shaw Pittman's complaint for lack of subject matter jurisdiction. The court will dismiss Count VI of the complaint

---

[4] Moreover, § 1127 provides that the modification must be made prior to substantial consummation of the plan, a term defined by 11 U.S.C. § 1101. Shaw Pittman has not contested Dr. Shin's representation that the plan has been substantially consummated.

7

for lack of standing, such that the claim is not one upon which relief can be granted.

Dated: September 22, 2004.

*S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

Copies to:

All counsel of record