**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| CAPITOL HILL GROUP, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-1936 (RCL) |
| PILLSBURY WINTHROP SHAW PITTMAN, LLP, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Now before the Court comes plaintiff Capitol Hill Group's Motion for Remand Pursuant to 28 U.S.C. § 1447(c) and § 1452(b), or in the Alternative, Abstention Pursuant to 28 U.S.C. § 1334(c) [12]. Upon consideration of the motion, defendant Shaw Pittman's opposition [14], plaintiff's reply [19], plaintiff's supplement [22], defendant's response [23], plaintiff's second supplement [29], defendant's second response [30], the entire record herein, and the applicable law, the Court will DENY plaintiff's motion.

## I.    BACKGROUND

### A.    Factual Background

Plaintiff Capitol Hill Group ("CHG") filed suit against defendants Pillsbury Winthrop Shaw Pittman, LLP and Shaw Pittman, LLP (collectively "Shaw Pittman") in addition to their employees Paul A. Tummonds, Jr. and Patrick J. Potter, alleging a number of claims stemming from defendants' representation of plaintiff in a zoning proceeding.

1

Plaintiff became embroiled in proceedings before the U.S. Bankruptcy Court for the District of Columbia and on February 1, 2002 retained Shaw Pittman as counsel. (*See* Compl. ¶ 12.) The Bankruptcy Court approved plaintiff's retention of Shaw Pittman, and the Court accordingly monitored the efficacy of Shaw Pittman's representation. (Opp. 6.)

At all times during the bankruptcy proceedings, plaintiff owned commercial real property, which included a hospital and nursing center, for which it had to provide parking in accordance with D.C. law. (*See* Compl. ¶ 11.) Plaintiff had been engaged in a longstanding dispute with the D.C. Board of Zoning Adjustment ("BZA") regarding the amount of parking spaces required with respect to its property holdings. (*See id.* ¶¶ 14-31.) Shaw Pittman represented plaintiff before the BZA during the pendency of the bankruptcy proceedings. (*Id.* ¶ 12.) After issuing a ruling in favor of plaintiff, BZA unilaterally decided to reconsider that decision, and it ultimately issued an order requiring plaintiff to provide additional parking spaces for use at the hospital and nursing center. (*See id.* ¶ 15.) According to plaintiff, fulfilling this parking requirement is virtually impossible, rendering its property essentially useless. (Pl. Mot. Remand 6-7.)

Plaintiff's allegations stem from Shaw Pittman's dealings with the BZA. Plaintiff first alleges that defendants neglected to notify it of the BZA's issuance of the modified order, which precluded plaintiff from appealing the adverse ruling, since the deadline for such an appeal had long passed by the time plaintiff learned of the order. (*See* Compl. ¶ 17.) Furthermore, plaintiff claims that defendant failed to advance an argument before the BZA that would have resulted in a more favorable ruling. (*See id.* ¶ 21.) Substantively, the allegations involve claims for legal malpractice, breach of contract, and breach of fiduciary duty. (*See id.* ¶¶ 19-31.) Plaintiff seeks

substantial damages as redress for these alleged wrongs.  (*Id.*)

Plaintiff filed suit on September 7, 2007 in the Superior Court for the District of Columbia.  (Notice of Removal ¶ 1.)  Defendants subsequently removed the case to this Court on October 26, 2007, pursuant to 28 U.S.C. § 1334.  (*Id.* ¶ 4.)  Plaintiff now seeks to remand the case to state court, contending that this Court lacks jurisdiction to hear its claims.

### B.    Bankruptcy Jurisdiction and Removal

Congress has given federal courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  Bankruptcy Cases and Proceedings, 28 U.S.C. § 1334(b) (2008).  In the event an action under the compass of this statute is filed in state court, defendants have the right to remove the case to the federal district court "for the district and division embracing the place where such action is pending."  Actions Removable Generally, 28 U.S.C. § 1441(a) (2008).

The plaintiff in a removed action has the opportunity to contest the federal court's jurisdiction by filing a motion to remand the case to state court.  *See* Procedure After Removal Generally, 28 U.S.C. § 1447(c) (2008).  Congress has further placed the onus on federal courts to remand to the appropriate state court any action in which it appears before final judgment that the court lacks subject-matter jurisdiction.  *Id.*  Federal courts are further vested with the authority to remand bankruptcy cases to state courts based on a variety of equitable grounds.  *See* Removal of Claims Related to Bankruptcy Cases, 28 U.S.C. § 1452(b); 28 U.S.C. § 1334(c)(1).

## II. ANALYSIS

### A. General Principles of Remand

It is axiomatic that "[f]ederal courts are courts of limited jurisdiction and therefore the law presumes that a cause lies outside of the court's limited jurisdiction." *Julien v. CCA of Tenn., Inc.*, 268 F. Supp. 2d 19, 21 (D.D.C. 2003) (internal quotation marks omitted). Consequently, "[c]ourts must strictly construe removal statutes." *Id.* If the plaintiff moves to remand the case to a state court, "the defendant bears the burden of proving federal jurisdiction." *Id.* Moreover, the court to which a case is removed has the duty to remand the case to the state court in which it originated if at any time prior to final judgment it determines it lacks subject-matter jurisdiction. *See id.* In such a case, "remand is mandatory." *Id.*

A court must view motions to remand through the prism of limited federal jurisdiction: "[a]ny doubts as to whether federal jurisdiction exists must be resolved in favor of remand." *RWN Dev. Group, LLC v. Travelers Indem. Co. of Conn.*, 540 F. Supp. 2d 83, 86-87 (D.D.C. 2008). In other words, "[t]he court must resolve any ambiguities concerning the propriety of removal in favor of remand." *Id.* (internal quotation marks omitted).

In bankruptcy proceedings, however, federal courts enjoy a more robust authority to hear cases. *See In re Premium Escrow Servs., Inc.*, 342 B.R. 390, 397 (D.D.C. 2006) ("Federal jurisdiction over the bankruptcy case or proceeding must exist pursuant to 28 U.S.C. § 1334, which is a broad grant of jurisdiction." (internal quotation marks omitted)).

### B. Well-pleaded Complaint Rule

Plaintiff first notes that the well-pleaded complaint rule mandates that a court's basis of jurisdiction be clearly expressed on the face of the complaint. (*See* Pl. Mot. Remand 10-12.)

Finding in the complaint no grounds for jurisdiction, plaintiff contends the analysis stops there, and this case must be remanded. (*See id.*) This Court disagrees.

As plaintiff indicates in its motion, the Supreme Court has held that "the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (citations and internal quotation marks omitted). Plaintiff, however, exaggerates the import of this language.

The Supreme Court engaged in a lengthy discussion of the well-pleaded complaint rule in an effort to stress, once again, that "[a] defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Id.* However, the Court recognized that a plaintiff may attempt to defeat federal jurisdiction through disingenuous pleading. *Id.* To combat such a tactic, the Court declared that courts "may uphold removal even though no federal question appears on the face of the plaintiff's complaint" if they conclude that the plaintiff "has 'artfully pleaded' claims" so as to avoid providing the grounds for proper exercise of federal jurisdiction. *Id.*; *see also Lowe v. NASD Regulation, Inc.*, No. 99-1751, 1999 WL 1680653 at *2 (D.D.C. Dec. 14, 1999) ("Notwithstanding the absence of federal question allegations on the face of a complaint, a federal court must retain jurisdiction if the complaint is 'artfully pleaded' so as to omit necessary federal questions in an attempt to defeat removal, but actually involves a 'substantial question of federal law.'").

Plaintiff first asserts that defendants are grounding their removal on the raising of a federal defense of res judicata. (*See* Pl. Mot. Remand 10-12.) This position is patently false, as

a cursory look at defendants' Notice of Removal would show. That document premises federal jurisdiction in this case on 28 U.S.C. § 1334. (*See* Notice of Removal ¶ 4.) Because of this, plaintiff's reliance on *Rivet*'s discussion of federal jurisdiction over cases involving res judicata defenses is inapposite.

Even failing that argument, plaintiff contends that the face of its complaint evinces no basis for federal jurisdiction. (*See* Pl. Mot. Remand 10-12.) The complaint, however, does state that "Shaw Pittman undertook to represent CHG before the United States Bankruptcy Court for the District of Columbia . . . in a case under Chapter 11 of the federal Bankruptcy Code." (Compl. ¶ 12.) Defendants have accordingly relied on this statement in asserting the propriety of federal jurisdiction. (*See, e.g.*, Opp. 6-7 (arguing that plaintiff's court-approved retention of Shaw Pittman during the bankruptcy proceedings gives this Court jurisdiction over this action).) Defendants' primary argument in opposition to plaintiff's motion, then, stems directly from a statement on the face of the complaint. (*See id.*) Therefore, the grounds for removal pass the muster of the well-pleaded complaint test.

### B.     "Arising-in" Jurisdiction

Congress has provided federal courts with jurisdiction in cases "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Plaintiff argues that this Court lacks jurisdiction pursuant to this statute. (*See* Pl. Mot. Remand 17-23.) Defendants claim that this Court has "arising-in" jurisdiction under the statute. (*See* Opp. 2.) This Court agrees with defendants.

At a basic level, "[c]laims 'arising in' a case under title 11 are limited to 'administrative matters that arise only in bankruptcy cases and have no existence outside of the bankruptcy

proceeding.'" *In re U.S. Office Prods. Co. Sec. Litig.*, 313 B.R. 73, 79 (D.D.C. 2004). Such claims "are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *In re Barnes*, 365 B.R. 1, 4-5 (Bankr. D.D.C.) (quoting *In re Wood*, 825 F.3d 90, 97 (5th Cir. 1987)).

In the context of legal malpractice claims stemming from bankruptcy proceedings, courts have focused primarily on the bankruptcy court's sanctioning of counsel's retention as a basis for conferring jurisdiction on federal courts hearing these claims:

> [a] sine qua non in restructuring the debtor-creditor relationship is the court's ability to police the . . . court-appointed professionals who are responsible for managing the debtor's estate. . . . [t]he bankruptcy court must be able to assure itself and the creditors who rely on the process that court-approved managers of the debtor's estate are performing their work, conscientiously and cost-effectively.

*In re Southmark Corp.*, 163 F.3d 925, 931 (5th Cir. 1999). In view of this, the *Southmark* court determined it had jurisdiction to hear professional malpractice claims, finding that they were "inseparable from the bankruptcy context." *Id.*

In a similar case, and one with striking similarities to this action, the Third Circuit found it could properly exercise jurisdiction over professional malpractice claims stemming from retention during bankruptcy proceedings. *In re Seven Fields Dev. Corp.*, 505 F.3d 237, 259-64 (3d. Cir. 2007). There, the bankruptcy court had approved plaintiff's retention of defendant. *Id.* In the course of representing plaintiff, plaintiff alleged defendant had committed malpractice in failing to dispose of assets in a manner most beneficial to its economic status. *Id.* In scrutinizing plaintiff's motion to remand the action to state court, the *Seven Fields* court articulated a cogent view of "arising-in" jurisdiction, ultimately concluding it could permissibly exercise such jurisdiction in the case at hand:

7

>it is clear to us that a malpractice action against an accountant for misconduct during the bankruptcy on which the bankruptcy judge relied in confirming the plan of reorganization, and in reliance on which the bankruptcy court approved the fees to [defendant], and on which [plaintiff's] representatives relied to their detriment in selling the assets to pay their claims . . . constitutes . . . a proceeding "arising in" the bankruptcy, which is subject to federal jurisdiction . . . .

*Id.* at 262-63.

The preceding discussion compels this Court to conclude that it may permissibly exercise jurisdiction over plaintiff's claims. The Bankruptcy Court expressly approved plaintiff's retention of Shaw Pittman. (*See* Compl. ¶¶ 12, 29; *see also* Opp. 6.) As stressed by both the *Southmark* and *Seven Fields* courts, the presence of such a judicial imprimatur on a bankruptcy party's retention of professional service creates a presumption that malpractice claims stemming from that representation can be properly adjudicated in federal court. *See Seven Fields*, 505 F.3d at 262-63; *Southmark*, 163 F.3d at 931.

Plaintiff attempts to sidestep the importance of the Bankruptcy Court's approval of its retention of Shaw Pittman by arguing that the events at issue in this action (Shaw Pittman's representation of plaintiff before the BZA) are wholly separate from the main bankruptcy case. (*See* Pl. Mot. Remand 24-25.) This absence of a causal nexus between the two proceedings, plaintiff continues, militates against this Court's exercising jurisdiction over the present action. (*See id.*) Unfortunately for plaintiff, the record belies its contention. To begin with, plaintiff admitted in its complaint that "there was no separate fee agreement" for the BZA matter, and that Shaw Pittman billed for these services as part of its underlying representation of plaintiff in the bankruptcy matter. (Compl. ¶ 14.) Moreover, the Bankruptcy Court closely monitored defendant's representation of plaintiff, and in doing so made Shaw Pittman's receipt of fees subject to its approval. (*See* Opp. 6.) In order to receive fees for its representation of plaintiff

8

before the BZA, defendant had to convince the Bankruptcy Court of the relatedness of that proceeding to the bankruptcy matter.  (*See id.*)  The court accepted defendant's contention that the dispute before the BZA "presented a potential cloud in CHG's efforts to reorganize . . . its [p]roperty" and that it "could prevent confirmation of CHG's plan."  (*Id.*)

In sum, then, the Bankruptcy Court's approval of the retention of Shaw Pittman, combined with its scrutiny of the relationship between the bankruptcy proceeding and the BZA proceeding, convinces this Court that it may properly exercise "arising-in" jurisdiction over plaintiff's claims.

### C. Discretionary Abstention and Equitable Remand

Plaintiff next argues that, even assuming the Court finds it has jurisdiction over the claims, the Court should nevertheless remand the case to state court based on equitable grounds.  (*See* Pl. Mot. Remand 29, 37.)  This Court finds no basis for accepting this argument.

Title 28 provides two equitable vehicles which allow a court to remand a case to state court, notwithstanding its jurisdiction over the removed matter: discretionary abstention[1] and equitable remand.[2]  Courts generally agree "that the considerations underlying discretionary abstention and equitable remand are the same." *See, e.g.*, *In re Talon Holdings, Inc.*, 221 B.R. 214, 220 n.4 (Bankr. N.D. Ill. 1998).  In evaluating the propriety of remand on these grounds, courts have looked to an array of factors: (1) "the effect on the efficient administration of the

---

[1] "Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1).

[2] "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).

bankruptcy estate"; (2) "the extent to which issues of state law predominate"; (3) "the difficulty or unsettled nature of applicable state law"; (4) "comity"; (5) "the degree of relatedness or remoteness to the proceeding in the main bankruptcy court"; (6) "the existence of the right to a jury trial"; and (7) "prejudice to the involuntarily removed defendants." *In re Merry-Go-Round Enters., Inc.*, 222 B.R. 254, 257 (D. Md. 1998).

Though most of the preceding factors do not weigh heavily in the present analysis, the relatedness of this case to the bankruptcy action compels this Court to retain jurisdiction. The subject of plaintiff's claims, defendant's representation before the BZA, is inextricably linked to the bankruptcy proceeding. *See* discussion *supra* Part II.B. Moreover, assessing the amount of damages, if any, to which plaintiff is entitled requires a detailed analysis of the disposition of its assets in the bankruptcy case in order to determine its losses as a result of defendant's alleged malpractice. Such a close nexus between this action and the bankruptcy proceeding makes *Merry-Go-Round*'s fifth factor dispositive.

Plaintiff vigorously asserts that its right to a jury trial will be compromised if this case is kept in federal court. (*See* Pl. Mot. Remand 32-34.) Plaintiff's argument rests principally on its baseless assertion that defendants will energetically contest its right to a jury trial at the federal level. (*See id.* at 33-34 ("[I]n the event this case is not remanded, [p]laintiff anticipates that [d]efendants may vigorously dispute [p]laintiff's entitlement to a jury trial before this Court, thereby engendering needless and expensive collateral litigation before this Court and thereby wasting judicial resources.").) Such speculation and conjecture is not sufficient to counteract the weighty interests in maintaining jurisdiction over this action in view of its relatedness to the bankruptcy proceeding.

10

### D. Mandatory Abstention

Plaintiff further contends that this Court must remand this case if it finds it has "related-to" jurisdiction.[3] However, since this Court may exercise "arising-in" jurisdiction, *see* discussion Part II.B *supra*, reliance on the mandatory-abstention provision is inapposite.[4]

### E. Collateral Estoppel

Plaintiff finally points to a previous decision (*In re Shin*, No. 02-0357, 2004 WL 3214462 (Bankr. D.D.C. Sep. 22, 2004)) in a case involving Shaw Pittman and Peter Shin, plaintiff's principal, in arguing this Court lacks jurisdiction. (*See* Pl. Second Supp. 2.) Plaintiff contends that the legal standard for determining bankruptcy jurisdiction, as articulated by the court in *Shin*, is entitled to collateral estoppel effect. (*See id.* at 6.) When analyzing this Court's jurisdiction over this action pursuant to the *Shin* standard, plaintiff continues, remand is appropriate. (*See id.*) This Court finds plaintiff's argument wholly unpersuasive.

Hornbook preclusion law militates against accepting plaintiff's argument that the jurisdictional standard articulated by the *Shin* court is entitled to collateral estoppel effect. Invoking collateral estoppel with respect to a given issue requires in part that the issue was "actually litigated and determined by a valid and final judgment." *Consol. Edison Co. of N.Y. v.*

---

[3]Plaintiff cites for this proposition 28 U.S.C. § 1334(c)(2): "Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." 28 U.S.C. § 1334(c)(2).

[4]Plaintiff concedes that this Court is not obligated to abstain from hearing this action if it finds it has jurisdiction on grounds separate from "related-to" jurisdiction. (*See* Pl. Mot. Remand 36-37.)

*Bodman*, 449 F.3d 1254, 1258 (D.C. Cir. 2006). In other words, the issue ruled upon by the previous court must be identical to that being contested in the current action. *See id.* That fundamental requirement is not met with respect to the jurisdictional issue being contested in this action.

This Court relied on two principal factors in determining it had "arising-in" jurisdiction to hear this action: plaintiff's court-approved retention of Shaw Pittman and the close nexus between the bankruptcy proceeding and the claims at issue in this action. *See* discussion Part II.B *supra*. Both findings are conspicuously absent in the *Shin* court's jurisdictional discussion. *See Shin*, 2004 WL 3214462 at *1 (finding no federal jurisdiction where retention of defendants was not approved by the court and the matter had no relation to the bankruptcy proceeding). Indeed, the *Shin* court stressed the lack of relatedness between the action before the court and the underlying bankruptcy case:

> [W]hat is plain is that the claims are not based on Dr. Shin's conduct as a debtor-in-possession in administering the estate prior to confirmation re-vesting the estate in him. Rather, they are of a strictly personal nature: his conduct in arranging for Shaw Pittman to represent his mother and wife.

*Id.* The *Shin* court, then, focused on the absence of court-approved retention and the lack of a meaningful relation between the action and the bankruptcy proceeding in resolving the jurisdictional issue. *See id.* In this Court's discussion, both factors were essential to concluding this Court has "arising-in" jurisdiction over this action. *See* discussion Part II.B *supra*. Therefore, it would be folly to assert that the issue being litigated in *Shin* is identical to the issue now before the Court. Since such a requirement is necessary to the proper invocation of collateral estoppel, plaintiff's argument fails.

**III.**    **CONCLUSION**

For the foregoing reasons, the Court concludes that plaintiff's Motion for Remand Pursuant to 28 U.S.C. § 1447(c) and § 1452(b), or in the Alternative, Abstention Pursuant to 28 U.S.C. § 1334(c) will be DENIED.

A separate order shall issue this date.


Signed by Chief Judge Royce C. Lamberth, on July 2, 2008.