UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITOL HILL GROUP,  )<br>  )<br>      Plaintiff  )<br>  )<br>v.  )<br>  )<br>PILLSBURY WINTHROP  )<br>SHAW PITTMAN LLP, *et al.*  )<br>  )<br>      Defendants.  )<br>_____) | Civil Action No. 07-1936 (RCL) |

## PLAINTIFF'S MOTION FOR AN ORDER DIRECTING DISCOVERY TO COMMENCE

Plaintiff Capitol Hill Group ("Plaintiff"), by and through its undersigned counsel, hereby moves this Court pursuant to F.R.C.P. 26(d) for an order directing the commencement of discovery in this case. In support thereof, Plaintiff relies upon its Memorandum of Points and Authorities, which is hereby incorporated by reference.

Respectfully submitted,

By:     /s/ Emil Hirsch
Emil Hirsch (D.C. Bar No. 930478)
Tamir Damari (D.C. Bar No. 455744)
NOSSAMAN L.L.P. O'CONNOR & HANNAN
1666 K Street, N.W., Suite 500
Washington, D.C. 20006-
Email:ehirsch@nossaman.com
tdamari@nossaman.com
Phone: (202) 887-1400

Attorneys for Plaintiff

1

## **CERTIFICATE REGARDING CONSENT**

I hereby certify that I attempted in good faith to obtain the consent of opposing counsel to the relief set forth in the instant Motion, but was unable to do so, as described more fully in Paragraph 7 of Plaintiff's Memorandum of Points and Authorities, infra.

/s/ Emil Hirsch

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITOL HILL GROUP, )<br> )<br>Plaintiff )<br> )<br>v. ) Civil Action No. 07-1936 (RCL)<br> )<br>PILLSBURY WINTHROP )<br>SHAW PITTMAN LLP, *et al.* )<br> )<br>Defendants. )<br> ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR AN ORDER DIRECTING DISCOVERY TO COMMENCE**

Plaintiff Capitol Hill Group ("CHG"), by and through its undersigned counsel, hereby files this Memorandum of Points and Authorities in support of its Motion for an Order Directing Discovery to Commence, and in support thereof states as follows.

**RELEVANT PROCEDURAL HISTORY**

1. The instant case was filed by CHG on September 7, 2007 with the Civil Division of the Superior Court for the District of Columbia.

2. This case was removed by Defendants to this Court on October 26, 2007.

3. On October 29, 2007, Defendants filed a Motion for Summary Judgment (the "Summary Judgment Motion") in this matter. CHG was granted an extension of time by this Court within which to respond to the Summary Judgment Motion, pending this Court's disposition of CHG's Motion to Remand this matter to the Superior Court (which Motion was denied by this Court on July 2, 2008). Following the denial of its Motion to Remand, CHG filed an Opposition to the Summary Judgment Motion on July 26, 2008.

4. Discovery has yet to commence in this case. For the reasons set forth below, it is necessary and appropriate for this Court to enter an Order directing discovery to commence.

3

## ARGUMENT

5. F.R.C.P. 26(d) states that "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

6. The instant case is not exempted from initial disclosure under Rule 26(a)(1)(B), nor do the Rules of this Court otherwise authorize discovery to commence absent a Rule 26(f) conference.

7. CHG has attempted, without success, to reach an agreement with Defendants as to a discovery plan under Rule 26(f). Specifically, on August 5, 2008, the undersigned counsel for CHG transmitted an e-mail to counsel for Defendants, requesting that the parties confer to formulate a discovery plan. (See Exhibit 1). In response, later that day, the undersigned received an e-mail from Defendants' counsel, indicating that Defendants were unwilling to commence the discovery process, in light of, inter alia, the purported strength of Defendants' res judicata affirmative defense. (See Exhibit 2)

8. In light of CHG's unsuccessful endeavor to confer and reach agreement with Defendants as to a discovery plan, and given that discovery cannot otherwise commence without an order of this Court, the relief sought in this Motion is both necessary and appropriate.[1] (See Wright-Miller-Marcus, Fed. Prac. & Proc. §2046.1, at page 592 (noting that even in the absence of an agreed discovery plan, discovery can commence via the issuance of a court order authorizing discovery).

9. Although the instant case has now been pending for nearly one year, CHG has yet to have the opportunity to take any discovery whatsoever in this matter. Although Defendants' position appears to be that they are entitled to a de facto stay of discovery pending the adjudication of their res

---

[1] It should also be noted that a scheduling order has not been issued in this action, nor has this Court scheduled an initial status conference.

4

judicata defense via their Summary Judgment Motion, there is nothing in the Rules of this Court which indicates or suggests that the mere pendency of a summary judgment motion ipso facto warrants such a stay of discovery.

10. Indeed, CHG's exigent need for discovery is actually augmented by the pendency of the Summary Judgment Motion (wherein Defendants contend that CHG's claims are barred by res judicata and the statute of limitations). For the specific reasons set forth in Section VI of CHG's Opposition to the Summary Judgment Motion and the Affidavit of Emil Hirsch ("Hirsch Affidavit") incorporated by reference therein, discovery is necessary in order to establish certain facts rebutting Defendants' res judicata and statute of limitations defenses. As noted in the Hirsch Affidavit, the areas and types of evidence where discovery is necessary include, but are not limited to, the following:

    a.    When did Defendants receive a copy of the BZA Order entered on September 9, 2004?

    b.    Did any of the individual Defendants actually read the said BZA Order?

    c.    Why did the Defendants not forward the BZA Order to CHG immediately upon its receipt by Defendants?

    d.    What basis, if any, did the Defendants actually have on January 6, 2004 or thereafter for believing that it was not practical or feasible for them to notify the BZA in writing of their withdrawal as CHG's counsel and requesting the substitution of CHG as the party to be notified by the BZA of any developments including any BZA notices and orders?

    e.    Whether any claim of lack of practicality in notifying the BZA of such withdrawal by Defendants, as set forth above, is in fact pretextual?

    f.    Were the Defendants otherwise notified of the issuance of the BZA Order at any point prior to March, 2005?

    g.    Were the Defendants aware of the existence of the so-called Historic Contribution Exemption and if so, when did they first become aware of it?

    h.    What work, if any, did the Defendants perform for the purpose of determining whether the Historic Contribution Exemption had any applicability to CHG's Property?

      i.    The reasons for Defendants' silence or failure to advise CHG of the existence of the Historic Contribution Exemption and its potential or actual applicability to CHG's Property.

It should also be self-evident that the foregoing substantive areas relate to facts and documents uniquely within the knowledge and control of Defendants.[2]

11.    CHG respectfully submits that if this Court were to accept Defendants' position that they are entitled to a de facto stay of discovery pending the resolution of the Summary Judgment Motion, notwithstanding the detailed assertions made in the Hirsch Affidavit as to CHG's need for discovery, it would completely undermine the rationale and purpose of F.R.C.P. 56(f), which expressly contemplates the need for discovery in response to a summary judgment motion.

12.    None of the foregoing should be construed as suggesting that Defendants' counsel have been recalcitrant; indeed, they have always interacted with CHG's counsel in a courteous and respectful manner (as evidenced, inter alia, by the tenor of counsel's August 5, 2008 e-mail exchange). CHG anticipates that this cordiality and courtesy will persist upon the commencement of discovery.

WHEREFORE, for each of the foregoing reasons, CHG respectfully requests that the instant Motion granted and that the Court authorize the parties to commence discovery in accordance with the attached Proposed Order.

Dated: August 19, 2008

Respectfully submitted,

By: _____/s/ Emil Hirsch_____

---

[2] The foregoing list of subject areas where the need for discovery is particularly exigent should not be construed as a limitation upon CHG's right to obtain discovery in other substantive areas unrelated to the res judicata and statute of limitations affirmative defenses articulated in Defendants' Summary Judgment Motion. Indeed, since the Rules of this Court do not support the inference that the pendency of a summary judgment motion should affect or delay the discovery process, it is CHG's position that it is entitled to seek discovery to the full extent permitted under F.R.C.P. 26-36, as if no dispositive motion were pending.

156299_1.DOC

                        Emil Hirsch (D.C. Bar No. 930478)
                        Tamir Damari (D.C. Bar No. 455744)
                        NOSSAMAN L.L.P. O'CONNOR & HANNAN
                        1666 K Street, N.W., Suite 500
                        Washington, D.C.  20006-
                        Email:ehirsch@nossaman.com
                        tdamari@nossaman.com
                        Phone:  (202) 887-1400

                        Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on the 19th day of August, 2008, via this Court's Notice of Electronic Filing, upon:

Jack McKay, Esq.
PILLSBURY WINTHROP SHAW PITTMAN, LLP
2300 N Street, N.W.
Washington, D.C.  20037

                                        /s/  Emil Hirsch
                                        Emil Hirsch

156299_1.DOC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CAPITOL HILL GROUP,<br><br>       Plaintiff<br><br>v.<br><br>PILLSBURY WINTHROP<br>SHAW PITTMAN LLP, *et al.*<br><br>       Defendants. | Civil Action No. 07-1936 (RCL) |

## ORDER

**UPON CONSIDERATION,** of Plaintiff's Motion for an Order Directing Discovery to Commence, points and authorities in support thereof and any Opposition thereto, it is, this _____ day of _____, 2008; hereby

**ORDERED,** that such Motion is **GRANTED**; and further

**ORDERED,** that the parties shall be permitted to commence discovery in accordance with the Federal Rules of Civil Procedure as of the date of this Order; and further

**ORDERED,** that the parties shall be governed by the following discovery schedule and deadlines:

| | |
|---|---|
| **Commencement Of Fact Discovery:** | the date of this Order |
| **Close of Fact Discovery:** | eight months from the commencement of fact discovery |
| **Deadline For Rule 26 Reports** | ten months from the commencement of fact discovery |
| **Rebuttal Expert Reports** | twelve months from the commencement of fact discovery |
| **Close of Expert Discovery** | thirteen months from the commencement of fact discovery |

_____
UNITED STATES DISTRICT JUDGE

9