UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
**CAPITOL HILL GROUP,**                     )
                                            )
       **Plaintiff,**        )
                                            )   Civil No. 07-1936 (RCL)
**v.**                                      )
                                            )
**PILLSBURY WINTHROP SHAW PITTMAN, LLP,**   )
**SHAW PITTMAN, LLP,**                      )
**PAUL A. TUMMONDS, JR., AND**              )
**PATRICK J. POTTER,**                      )
       **Defendants.**       )
_____ )

## DEFENDANTS' MOTION TO STAY DISCOVERY

    Pursuant to, inter alia, F.R.Civ.P. 26(c), Defendants respectfully request that the Court stay discovery until after the Court rules on summary judgment. As set forth more fully in their accompanying memorandum, Defendants submit that such relief is warranted because (1) CHG's entire case will be disposed of if the Court grants summary judgment, and (2) CHG will not be prejudiced because it previously obtained discovery from Shaw Pittman and there is no risk that testimony or documents will be lost pending a decision on summary judgment. Moreover, staying discovery will conserve judicial and economic resources.

    Wherefore, Defendants request that the Court enter an order staying discovery until after the Court rules on Defendants' summary judgment motion.

Dated: September 2, 2008        Respectfully submitted,

                            PILLSBURY WINTHROP SHAW PITTMAN, LLP

                            By:   /s/ Jack McKay_____
                                  Jack McKay (No. 159335)
                                  2300 N Street, N.W.
                                  Washington, D.C. 20037-1128
                                  (202) 663-8000
                                  For Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
**CAPITOL HILL GROUP,**                     )
                                            )
           **Plaintiff,**           )
                                            )    **Civil No. 07-1936 (RCL)**
    **v.**                              )
                                            )
**PILLSBURY WINTHROP SHAW PITTMAN, LLP,**   )
**SHAW PITTMAN, LLP,**                      )
**PAUL A. TUMMONDS, JR., AND**              )
**PATRICK J. POTTER,**                      )
           **Defendants.**          )
_____)

**DEFENDANTS' MEMORANDUM (I) OPPOSING PLAINTIFF'S
MOTION FOR AN ORDER DIRECTING DISCOVERY TO COMMENCE
AND (II) SUPPORTING DEFENDANTS' MOTION TO STAY DISCOVERY**

    Defendants respectfully submit this Memorandum (I) Opposing Plaintiff's Motion for an Order Directing Discovery to Commence [Document 36] (CHG's "Motion for Discovery") and (II) Supporting Defendants' Motion to Stay Discovery (the "Stay Motion"). Defendants do not dispute the general procedural history of this case as described in the Motion for Discovery.

**ARGUMENT**

**Staying Discovery Is An Appropriate Exercise Of Discretion**

    "It is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion . . ." Chavous v. District of Columbia Fin. Resp and Mgmt. Asst. Auth., 201 F.R.D. 1, 2 (D.D.C. 2001). See also Prunte v. Universal Music Group, 2008 U.S. Dist. LEXIS 42872, *7 (D.D.C. June 2, 2008) ("it would be inefficient and wasteful to permit discovery before resolving defendants' anticipated motion for summary judgment."). In Chavous, which has been followed in several other districts, the Court granted the defendant's motion to stay discovery, explaining that (1) the entire case would be disposed of by

either plaintiffs' motion for summary judgment or defendant's motion to dismiss, and (2) plaintiffs would not be prejudiced. 201 F.R.D. at 3-4.

In this case, Defendants' summary judgment motion seeks dismissal of all claims raised by CHG. Accordingly, CHG's entire case will be disposed of if the Court grants summary judgment.

Furthermore, CHG will not be prejudiced by granting the Stay Motion because CHG previously obtained discovery from Shaw Pittman and there is no risk that testimony or documents will be lost between now and a ruling on summary judgment.[1] First, Mr. Potter was deposed by CHG for an entire day on March 24, 2004, and Messrs. Potter and Tummonds will both be made available for deposition if the summary judgment is denied. Second, it is undisputed that Shaw Pittman delivered all zoning files to CHG in January of 2004. Third, in March of 2004 extraordinary measures were taken by Shaw Pittman to provide CHG access to every document Shaw Pittman possessed relating to CHG matters, regardless of subject, including at least 2000 emails and 30 banker's boxes.

As in Chavous, a "stay of discovery in the circumstances presented here furthers the ends of economy and efficiency" because if Defendants' summary judgment motion is granted, "there will be no need for discovery." 201 F.R.D. at 5. See also Coastal States Gas Corp. v. Department of Energy, 84 F.R.D. 278, 282 (D. Del. 1979) (staying discovery pending resolution of a dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources")(citations omitted). If the Court denies summary judgment, the Court may then "undertake an informed consideration of what discovery is appropriate in the context of the issues actually before the court." 201 F.R.D. at 5.

---

[1] CHG has requested deferral or denial of summary judgment pursuant to F.R.Civ.P. 56(f) and Defendants opposed because the discovery identified by CHG is irrelevant to the issues raised on summary judgment (i.e., res judicata, statute of limitations and duty). The Court has that issue under advisement.

Wherefore, for the reasons stated herein, Defendants request that the Court enter orders granting the Stay Motion (by staying discovery until after the Court rules on summary judgment) and denying CHG's Motion for Discovery (without prejudice to conducting discovery if the Court denies summary judgment).

Dated:  September 2, 2008				Respectfully submitted,

						PILLSBURY WINTHROP SHAW PITTMAN, LLP


						By:	 /s/ Jack McKay_____
							Jack McKay (No. 159335)
							2300 N Street, N.W.
							Washington, D.C. 20037-1128
							(202) 663-8000
							For Defendants