UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITOL HILL GROUP, )<br><br>Plaintiff )<br><br>v. )<br><br>PILLSBURY WINTHROP )<br>SHAW PITTMAN LLP, *et al.* )<br><br>Defendants. ) | Civil Action No. 07-1936 (RCL) |

**PLAINTIFF'S COMBINED REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER DIRECTING DISCOVERY TO COMMENCE, AND OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**

Plaintiff Capitol Hill Group ("CHG"), by and through its undersigned counsel, hereby files this Combined Reply to Defendants' Opposition to Plaintiff's Motion for an Order Directing Discovery to Commence, and Opposition to Defendants' Motion to Stay Discovery, and in support thereof states as follows.

1. In CHG's Motion for an Order Directing Discovery to Commence (the "Discovery Motion"), CHG demonstrated that it is entitled to discovery in order to establish certain facts rebutting the res judicata and statute of limitations defenses asserted by Defendants in their pending Motion for Summary Judgment (the "Summary Judgment Motion"). These facts are outlined both in the Discovery Motion itself (at Paragraphs 10-11), as well as in the Rule 56(f), F.R. Civ. P. Affidavit of Emil Hirsch (the "Hirsch Affidavit") submitted in conjunction with CHG's Opposition to the Summary Judgment Motion.

2. Defendants' combined Opposition to the Discovery Motion and Motion to Stay Discovery (collectively, the "Discovery Opposition") completely ignores the principal ground

articulated by CHG in support of the Discovery Motion; i.e., that discovery in a matter in which a summary judgment motion is pending is particularly warranted, where (as here), the party opposing the summary judgment motion has made a detailed showing under Rule 56(f) that discovery is needed in order to prepare a thorough response to such motion. In this regard it is notable that Defendants do not challenge CHG's assertion that the factual issues recounted in the Hirsch Affidavit are indeed material issues for purposes of adjudication of the Summary Judgment Motion.

3.    Defendants cite to <u>Chavous v. D.C. Financial Responsibility and Management Assistance Authority</u>, 201 F.R.D. 1 (D.D.C. 2001) in support of their contention that this Court has the discretion in appropriate cases to stay the progress of discovery pending the adjudication of a dispositive motion. CHG does not quibble with this point as a general proposition. However <u>Chavous</u> is readily distinguishable from the case <u>sub judice</u> since, unlike the instant case, the plaintiffs in <u>Chavous</u> did <u>not</u> allege that discovery was necessary in order to respond to a dispositive motion (indeed they had actually filed their own dispositive motion contending that they were entitled to judgment as a matter of law). In fact, the Court in <u>Chavous</u> expressly based its decision upon this failure by the plaintiffs to allege a need for discovery to respond to the defendants' dispositive motion:

> Plaintiffs do not contend . . . that they would be unable to file their oppositions to defendants' motion to dismiss in the absence of such discovery. ***A trial court ordinarily should not stay discovery which is necessary to gather facts in order to defend against [a] motion [to dismiss]*** . . . However, plaintiffs have never suggested that they need the discovery they now seek in order to oppose the pending motions to dismiss . . . ***While a trial court could well be found to have abused its discretion by staying discovery where it is necessary for the party opposing summary judgment to develop additional facts*** . . . no authority supports plaintiffs' effort to concurrently *move* for summary judgment and take discovery regarding the issues addressed in the motion.

<u>Id</u>., at page 3. (emphasis added).

4.    In short, since CHG has demonstrated with the requisite specificity its need for discovery in order to respond to Defendants' Summary Judgment Motion, the holding and rationale in <u>Chavous</u>, rather than foreclosing the relief sought in the Discovery Motion, actually favor such relief.

5.  On page 2 of the Discovery Opposition, Defendants also contend that CHG does not need to proceed with discovery because Defendant Patrick Potter was deposed by CHG on March 24, 2004 (presumably, during CHG's Chapter 11 bankruptcy case), and because Defendants provided certain documents to CHG in January and March, 2004. This argument is a "red herring," since many if not most of the issues in connection with which CHG is seeking discovery relate to facts which occurred *subsequent* to March, 2004 (e.g., the circumstances surrounding Defendants' receipt of and failure to transmit to CHG the BZA Order issued on September 9, 2004). Additionally, as of the date of Mr. Potter's deposition on March 24, 2004, CHG was unaware of other factual issues relating to Defendants' zoning malpractice in connection with which discovery is now being sought (and, as such, CHG could not have pursued these issues during the Potter deposition).[1]

6.  In conclusion, CHG respectfully submits that given the particular facts and procedural history of this case, including: (i) the unusual circumstance of Defendants' filing of a Summary Judgment Motion as their first pleading in this case; (ii) the undisputed fact that no discovery whatsoever has been taken in this case; and (iii) CHG's demonstrated need for discovery, as evidenced by the Hirsch Affidavit proffered under F.R.C.P. 56(f), it would be an unwarranted exercise of this Court's discretion to deny discovery to CHG, via a stay of discovery or via denial of the Discovery Motion.

WHEREFORE, for each of the reasons set forth in the Discovery Motion and in the instant Reply, CHG respectfully requests that such Motion be granted.

Dated: September 4, 2008

Respectfully submitted,

---

[1] By way of a single example, CHG has alleged in its Opposition to Defendants' Summary Judgment Motion that it first became aware of the so-called "Argument Omission" and Defendants' failure to assert the so-called "Historic Contribution Exemption" giving rise to this omission during the Spring of 2006. Defendants do not contest this assertion.

3

156615_1.DOC

>By: ___/s/ Emil Hirsch___
>Emil Hirsch (D.C. Bar No. 930478)
>Tamir Damari (D.C. Bar No. 455744)
>NOSSAMAN L.L.P. O'CONNOR & HANNAN
>1666 K Street, N.W., Suite 500
>Washington, D.C. 20006-
>Email:ehirsch@nossaman.com
>tdamari@nossaman.com
>Phone: (202) 887-1400
>
>Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on the 4th day of September, 2008, via this Court's Notice of Electronic Filing, upon:

Jack McKay, Esq.
PILLSBURY WINTHROP SHAW PITTMAN, LLP
2300 N Street, N.W.
Washington, D.C. 20037

>___/s/ Emil Hirsch___
>Emil Hirsch

156615_1.DOC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITOL HILL GROUP,<br><br>Plaintiff<br><br>v.<br><br>PILLSBURY WINTHROP<br>SHAW PITTMAN LLP, *et al.*<br><br>Defendants. | Civil Action No. 07-1936 (RCL) |

## ORDER

**UPON CONSIDERATION,** of Defendants' Motion to Stay Discovery, and Plaintiff's Opposition thereto, it is, this _____ day of _____, 2008; hereby

**ORDERED,** that such Motion is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE